FILED
United States Court of Appeals
Tenth Circuit

October 7, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

ESPIRIDION DELEON-VICTORINO,

       Defendant - Appellant.

No. 13-6175
(D.C. No. 5:13-CR-00068-F-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

Espiridion Deleon-Victorino pleaded guilty to unlawful reentry of a removed alien subsequent to an aggravated felony conviction. The district court sentenced him to 60 months in prison, which was toward the low end of the applicable 57-to-71 month guideline range, and Mr. Deleon-Victorino appealed. His attorney has since filed an *Anders* brief and moved to withdraw, asserting there are no non-frivolous issues for appeal. *See Anders v. California*, 386 U.S. 738 (1967). This court twice

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

notified Mr. Deleon-Victorino of his opportunity to file a pro se brief, but he has not responded and the time to do so has passed. We have independently reviewed the record and agree with counsel's assessment. Accordingly, exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we grant the motion to withdraw and dismiss the appeal.

Under *Anders*, defense counsel may move to withdraw if, after conscientiously examining the case, counsel determines that an appeal would be "wholly frivolous." 386 U.S. at 744. "[C]ounsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). The client may also file a pro se response. *Anders*, 386 U.S. at 744. We then independently examine the record to determine "whether the case is wholly frivolous." *Id.* If we agree with counsel's assessment, we grant the motion to withdraw and dismiss the appeal. *Id.*

Mr. Deleon-Victorino's attorney has identified several potential issues challenging the procedural and substantive reasonableness of his sentence. First, she notes that the pre-sentence investigation report (PSR) separately assessed criminal history points for two prior sentences that resulted from a single arrest. She concedes, however, that this issue is frivolous because USSG § 4A1.2(a)(2) expressly states, "If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." There was no intervening arrest

here and neither exception applies. Mr. Deleon-Victorino was sentenced in federal court on January 21, 2003, for the offense of illegal reentry, and he was separately sentenced in a Texas state court on February 14, 2003, for the offense of tampering with a government record. *See* R., Vol. 2 at 19 (PSR para. 49-50). The PSR correctly assessed separate criminal history points for each sentence.

Counsel also submits that the district court's statement of reasons for the sentence imposed was not sufficiently detailed. Yet she recognizes that "[w]here a district court imposes a sentence falling within the range suggested by the Guidelines, Section 3553(c) requires the court to provide only a general statement of the reasons for its imposition of the particular sentence." *United States v. Chavez*, 723 F.3d 1226, 1232 (10th Cir. 2013) (internal quotation marks omitted). At sentencing, the district court heard counsel's arguments, explained why he chose a sentence within the 57-to-71 month guideline range without a departure or variance, and imposed a sentence of 60 months, taking into account all of the factors of 18 U.S.C. § 3553(a). We agree with counsel that the district court's explanation was legally adequate.

Additionally, counsel posits that the sentence is substantively unreasonable because Mr. Deleon-Victorino's base offense level was increased by sixteen levels pursuant to USSG § 2L1.2(b)(1)(A)(vii) because he was previously removed after an alien smuggling offense. Although a sentence within a correctly calculated guideline range is presumptively reasonable, *see Chavez*, 723 F.3d at 1233, counsel suggests

that § 2L1.2 places unfair emphasis on a defendant's criminal history and lacks empirical support for any sentencing objective. She acknowledges, however, that we have squarely rejected this argument. *See United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1166 (10th Cir. 2010). Counsel also offers various mitigating circumstances that might have justified a lesser sentence, only some of which were presented to the district court, though none demonstrate that the sentence imposed was substantively unreasonable. *See United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) ("[T]here will be a range of possible outcomes the facts and law at issue can fairly support.").

Mr. Deleon-Victorino has failed to offer any non-frivolous issues and our independent review confirms there are none. Accordingly, we grant defense counsel's motion to withdraw and dismiss this appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge