FILED
United States Court of Appeals
Tenth Circuit

December 12, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CHESTON FOSTER,

Defendant – Appellant.

No. 14-1327
(D. Colo.)
(D.C. No. 1:10-CR-00442-LTB-1)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

**BACKGROUND**

Defendant and appellant, Cheston Jerome Foster, was convicted in 2010 in

Colorado of possession of stolen mail, in violation of 18 U.S.C. § 1708. He was

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

sentenced to seventeen months' imprisonment, followed by three years of supervised release. On October 30, 2012, the district court revoked Mr. Foster's supervised release based upon five Grade C violations of his supervised release: failure to work regularly, failure to notify his probation officer of a change of address, failure to submit monthly reports, traveling without permission, and associating with a convicted felon. The district court sentenced Mr. Foster to time served and it imposed thirty months of supervised release, with special conditions. One of the special conditions was that Mr. Foster was supposed to reside in a "residential reentry center" (RRC) for up to six months following his release from imprisonment. Supervised Release Violation Report at 2; R. Vol. 2 at 15.

On January 2, 2013, Mr. Foster's probation officer filed a Petition for Issuance of Arrest Warrant Due to Violations of Supervised Release. The Petition alleged that Mr. Foster had violated the special conditions of his supervised release by absconding from the RRC on December 27, 2012, and that, as of the date of the Petition, Mr. Foster's whereabouts were unknown. The Petition also alleged Mr. Foster had failed to comply with the rules of the RRC. The probation officer prepared a Supervised Release Violation Report that calculated the applicable sentencing range under the United States Sentencing Commission, Guidelines Manual ("USSG"). The Report calculated that the claimed violation was Grade C and that Mr. Foster's criminal history category was V. This yielded

-2-

an advisory Guidelines sentencing range of seven to twelve months.  See USSG § 7B1.4(a).  R. Vol. 2 at 21.

A revocation hearing was scheduled for February 13, 2013.  The day before that hearing, the government filed an indictment charging Mr. Foster with escape from the RRC, in violation of 18 U.S.C. § 751(a).  That charge was based on the same conduct that underlay the revocation petition, in that it involved Mr. Foster's escape/absconding from the RRC.  The district court judge agreed to continue the revocation hearing in the stolen mail case (and stemming from the absconding/escape charge) pending resolution of the escape charge.

The district court judge initially assigned to both the stolen mail and the escape cases was Judge Lewis T. Babcock.  Judge Babcock subsequently recused himself from the escape case, and the case was reassigned to Judge Christine M. Arguello.  Judge Arguello dismissed the escape indictment in November 2013.  The government appealed that dismissal, and Judge Babcock agreed to further continue the supervised release matter in the stolen mail case through the pendency of the appeal.

Meanwhile, in April 2014, while the appeal of the escape charge dismissal was pending, Mr. Foster's probation officer filed a Supplemental Petition for Issuance of Arrest Warrant Due to Violations of Supervised Release, alleging yet another (new) violation of supervised release.  The new violation was a violation of law: assault and robbery of a postal service employee, in violation of 18 U.S.C.

-3-

§ 2114(a). The Supplemental Petition stated that the robbery had occurred on December 17, 2012, and that Mr. Foster had recently plead guilty to that offense before U.S. District Judge John L. Kane.

In June 2014, our court reversed Judge Arguello's dismissal of the escape indictment. United States v. Foster, 754 F.3d 1186 (10th Cir. 2014). Mr. Foster then pled guilty to that offense, and his probation officer again supplemented the revocation petition in this case (the stolen mail conviction) to add the escape conviction as a new "violation of law." Attach. to Supplemental Pet. for Issuance of Arrest Warrant Due to Violations of Supervised Release; R. Vol. 3 at 14-16. This latest violation was a Grade B violation of Mr. Foster's supervised release. Id.

In each of the later cases (the escape case and the robbery case) the parties reached plea agreements pursuant to which the government agreed to recommend that each sentence run concurrently with the other and with any sentence imposed for the supervised release violations in this (stolen mail) case.[1] The sentences actually imposed in those cases were consistent with those recommendations: Judge Kane imposed a sentence of eighty-four months' imprisonment with five

---

[1]At the sentencing hearing on the revocation of supervised release proceedings, the government attorney stated that, "Mr. Foster has been before judges in multiple courtrooms in related matters. The Government, as part of the Plea Agreement in the robbery case before Judge Kane, and the escape case before Judge Arguello, recommended that those sentences and any sentence in this case run concurrent." Tr. of Sentencing at 12; R. Vol. 5 at 35.

years of supervised release for the robbery conviction and Judge Arguello imposed a sentence of fifteen months' imprisonment on the escape conviction, to run concurrently.

The revocation hearing in this case finally occurred on July 28, 2014, after the sentences in the robbery and escape cases had been imposed. Prior to that hearing, the probation officer filed a Revised Supervised Release Violation Report. That Report stated that the two new law violations were Grade B, which, with a criminal history category of V, yielded an advisory Guidelines sentencing range of eighteen to twenty-four months. The Report further stated that:

> Pursuant to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

Superseding Supervised Release Violation Report at 4; R. Vol. 2 at 26.

At the July 28 revocation hearing, the court began with the following observations:

> [Y]ou have a fairly long and serious criminal history. I don't know what I'm going to do yet, because I haven't heard from [the government], and I have not heard from your lawyer and I haven't heard from you, but given all of the opportunities that you have been afforded before me, when you were on supervised release, and given that there were two federal felonies committed while you were on supervised release, I could go above this 24 months.

Tr. of Sentencing Hr'g at 8; R. Vol. 5 at 31. Both the government and defense counsel requested a sentence concurrent with the other two sentences. The government explained that Mr. Foster had been the lookout in the robbery case, and that his two accomplices had been the ones who actually confronted the postal worker. The two co-defendants, however, had been allowed to plead to a conspiracy charge with a sixty-month sentencing cap, while the government offered Mr. Foster only a plea to robbery, which carried a higher statutory maximum penalty. He thus received an eighty-four month sentence, some twenty-four months longer than the maximum sentence to which his co-defendants were exposed. The government opined that the severity of Mr. Foster's sentence in the robbery case vis-a-vis his co-defendants justified the imposition of concurrent, as opposed to consecutive, sentences in this case and the escape case.

The district court ultimately rejected the recommendations of both parties and imposed a sentence of twenty-four months, to run consecutively to the sentences imposed in the escape and robbery cases. The court explained its sentence as follows:

> What your Criminal History Category is a level V, it's high. It's a Level V here, but if it was a new case before me it would be a Level VI. So I look at all of these factors that I mentioned to you, in terms of disregarding the mandatory language of the policy statements, and when I look at all of these factors, what they say to me, under the facts and circumstances of this case, and your history and characteristics, is that I probably ought to depart upward. And when I consider 18 U.S.C. Section 3553(a), as the Tenth Circuit says

I can do, considering those factors, as applied here, they require for me a consecutive, not concurrent [sentence].

. . . .

Well, I have considered 18 U.S.C. Section 3553(a), and on that consideration and on your admissions, I will find and conclude that you have violated your conditions of supervised release as charged here, violations two and three are Grade B violations, your Criminal History Category Level in this case remains at V, and that results in a recommended range of imprisonment of 18 to 24 months. Under the policy statements by the Sentencing Commission.

Based on these findings and based upon the nature and circumstances of the violation, under the context and circumstances of this case, and your history and your characteristics, and finding that you have violated the conditions of supervised release as alleged, it is ordered and adjudged that your supervised release is revoked and you are sentenced to the custody of the bureau of prisons for a period of 24 months to run consecutively with the sentence imposed in U.S. District Court case number[s] 13-cr-238-JLK-01 and 13-cr-62-CMA-01.

Id. at 47-48. The court then further explained its sentencing decision, particularly in light of the sentences imposed in the other (escape and robbery) cases, stating as follows:

[T]he plea negotiations between Government counsel and Defense counsel and the defendant in separate cases are just that. When we come here today, it remains my responsibility to look at these violations in light of 18 U.S.C. Section 3553(a), and the policy statements of the guidelines, rather than whatever policy or whatever plea negotiations were conducted by counsel.

Id. at 50. The court also indicated its emphasis on the seriousness of Mr. Foster's violations of the conditions of his supervised release:

[S]omebody who is on supervised release, and I think there's Tenth Circuit authority to this effect, that there is a blanket of trust imposed by the law and by the guidelines and by the conditions of supervised release, and it is an important trust, because it is a trust that is imposed so as to rehabilitate a defendant, and to protect the . . . public from further violations. In this case that trust was violated egregiously.

Id. at 52-53.

Mr. Foster now appeals his twenty-four month consecutive sentence, arguing that it is substantively unreasonable. More specifically, he argues that the "district court's error in treating the relative severity of Mr. Foster's sentence in the robbery case as irrelevant produced an unreasonable balancing of the sentencing factors and a substantively unreasonable sentence." Appellant's Br. at 6.

## DISCUSSION

As we have stated before, "[a] substantive challenge [to a sentence] concerns the reasonableness of the sentence's length and focuses on the district court's consideration of the § 3553(a) factors and the sufficiency of the justifications used to support the sentence." United States v. Lente, 647 F.3d 1021, 1030 (10th Cir. 2011). We have also held that a "district court commits a procedural sentencing error by failing to consider sentencing factors enumerated in 18 U.S.C. § 3553(a)." United States v. Chavez, 723 F.3d 1226, 1232 (10th Cir. 2013). Mr. Foster alleges that the district court treated as irrelevant his relatively severe robbery sentence, which led to an unreasonable balancing of the sentencing

factors and a substantively unreasonable sentence in this case. However characterized, we review the district court's sentencing decision for abuse of discretion. Lente, 647 F.3d at 1030.

A district court has the discretion to impose consecutive or concurrent sentences. 18 U.S.C. § 3584(a). We generally review the consecutive nature of sentences for abuse of discretion, but we have reviewed consecutive sentences imposed for supervised release violations under the "plainly unreasonable" standard. United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1256-57 (10th Cir. 2006). Under the abuse of discretion standard, we will uphold a sentence "unless it is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Munoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008). Similarly, under the plainly unreasonable standard, "we will not reverse if [the sentence] can be determined from the record to have been reasoned and reasonable." United States v. Kelley, 359 F.3d 1302, 1304 (10th Cir. 2004) (quotation omitted). "A reasoned sentence is one that is procedurally reasonable; and a reasonable sentence is one that is substantively reasonable." United States v. Vigil, 696 F.3d 997, 1001 (10th Cir. 2012) (alteration and quotations omitted). The overarching question is whether the district court abused its discretion in selecting the sentence it deems reasonable; our review of that sentence is deferential. See United States v. McBride, 633 F.3d 1229, 1231-32 (10th Cir. 2011).

When imposing a sentence following revocation of supervised release, a district court must consider the Guidelines Chapter 7 policy statements and the sentencing factors in 18 U.S.C. § 3553(a).  United States v. Cordova, 461 F.3d 1184, 1188 (10th Cir. 2006).  It is clear from the record in this case that the district court considered both of those.  The court was also acutely aware that pursuant to USSG § 7B1.3(f), "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." USSG § 7B1.3(f).  Additionally, the court clearly understood that that Guidelines provision is merely an advisory policy statement, and the court must consider the § 3553(a) sentencing factors to arrive at a reasonable sentence.

Mr. Foster claims the district court treated as irrelevant the fact that Mr. Foster had been treated more harshly in the robbery case than his codefendants were, and that the court accordingly unreasonably balanced the relevant sentencing factors.  We disagree.  First, the record convinces us that the court did not consider the robbery sentence as irrelevant; it was very aware of that sentence and the parties' argument that the eighty-four month sentence in that case was "sufficient."  Tr. of Sentencing Hr'g at 17; R. Vol. 5 at 40.  The court simply acknowledged that the sentence and negotiations in that case were not binding on

its own sentencing decision: "the plea negotiations between Government counsel and Defense counsel and the defendant in separate cases are just that. When we come here today, it remains my responsibility to look at these violations in light of 18 U.S.C. Section 3553(a), and the policy statements of the guidelines, rather than whatever policy or whatever plea negotiations were conducted by counsel." Id. at 50.

Second, the court's reasoning and balancing of the relevant sentencing factors was not unreasonable. We have stated that "[t]he violation of a condition of supervised release is a breach of trust and, while the sentencing court at revocation takes into account the seriousness of the underlying crime, it is primarily the breach of trust that is sanctioned." United States v. Contreras-Martinez, 409 F.3d 1236, 1241-42 (10th Cir. 2005); see also Vigil, 696 F.3d at 1003 (noting that "at revocation [of supervised release] the court should sanction primarily the defendant's breach of trust . . ." (quoting USSG Ch. 7 pt. A, introductory cmt., A(3)(b))); United States v. Steele, 603 F.3d 803, 809 (10th Cir. 2010). The court made it clear that Mr. Foster had committed a serious breach of trust, and that he did so despite being given opportunities earlier to remain law-abiding:

> You are an intelligent and articulate man, and you are right, I cut you some slack, gave you an opportunity to, as you say, a chance to prove who you are. And then what you proved during that time was that you committed an armed robbery of a postal employee . . . that involved highjacking this postal employee, getting a key so that

you could rummage through the mailboxes that are there for the public.

Tr. of Sentencing Hr'g at 21; R. Vol. 5 at 44. The court precisely and carefully explained its reasoning in deciding Mr. Foster's sentence.

In short, the court determined to impose Mr. Foster's sentence to run consecutively to his sentences in the other cases, after a full consideration and analysis of the relevant Guidelines provisions, including policy statements, sentencing factors and the arguments of the parties. Its decision was not arbitrary, whimsical or manifestly unreasonable.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed in this case.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge