FILED
United States Court of Appeals
Tenth Circuit

December 24, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAYLEEN ARMIJO,

        Defendant - Appellant.

No. 14-2011
(D. New Mexico)
(D.C. No. 1:13-CR-00336-WJ-1)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **HOLMES** and **BACHARACH**, Circuit
Judges.

Ms. Jayleen Armijo pleaded guilty to assault resulting in serious

bodily injury, as well as aiding and abetting that offense. She received a

24-month sentence, and a codefendant received probation. Ms. Armijo

appeals, arguing that the sentence was procedurally and substantively

unreasonable. We reject both arguments.

In the procedural challenge, Ms. Armijo contends that the district

judge failed to recognize that he could consider the codefendant's

---

[*] This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But, the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

probationary sentence. This challenge is based on an erroneous interpretation of the judge's explanation. The judge never said that he lacked the legal authority to consider the codefendant's probationary sentence.

Ms. Armijo also argues that her sentence is substantively unreasonable because the district court did not adequately account for her rehabilitation since the arrest, the role the victim had played in the altercation, and the disparity between Ms. Armijo's sentence and her codefendant's. But the district court sentenced Ms. Armijo to a presumptively reasonable sentence within the guidelines and considered the pertinent factors. Doing so, the court acted within its discretion to arrive at a 24-month sentence.

We affirm.

## I.    The Fight

On a winter night in 2012, Ms. Jayleen Armijo and her boyfriend, Mr. Benjamin Menchego, attended a bonfire party. Ms. Amber Baca also attended.

At the party, Ms. Baca allegedly told Mr. Menchego's cousin, a local Medicine Man, to go away before she "kicked his a**." Ms. Armijo thought Ms. Baca's comment was disrespectful, and a fight erupted.

In the fight, Ms. Armijo bit and choked Ms. Baca. Some, including Ms. Baca, reported that Mr. Menchego had punched and kicked Ms. Baca

2

in the face, causing a serious eye injury. Others saw Mr. Menchego trying to pull the two women away from each other, stating that a different attacker had caused Ms. Baca's eye injury.

Ms. Baca went to the hospital with severe pain, ruptured blood vessels in her eye, loss of consciousness, bite marks, scarring, and bruises.

## II. Procedural Error

Ms. Armijo contends the sentence was procedurally unreasonable. We disagree.

Our review is limited, for we decide only whether the district court abused its discretion. *United States v. Sanchez-Leon*, 764 F.3d 1248, 1262 (10th Cir. 2014). In exercising its discretion, the court had to consider the sentencing factors in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 51 (2007).

Ms. Armijo contends that when she objected to the disparity between her sentence and the codefendant's, the district court limited its analysis to § 3553(a)(6). This section states a court must take into account "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6) (2012).

Ms. Armijo acknowledges that § 3553(a)(6) applies to defendants nationwide and does not apply to codefendants, but points out that the disparity could still be considered. *See United States v. Smart*, 518 F.3d

3

800, 804-05 (10th Cir. 2008). She argues that because the judge mentioned only § 3553(a)(6), he must not have understood his authority to consider the disparity under other § 3553(a) factors.

This argument separates the judge's comment from its context. In a sentencing memorandum, defense counsel had complained of the disparity, invoking § 3553(a)(6). Def.'s Sentencing Mem. at 5 (Dec. 12, 2013) (Dkt. No. 87).[1] Addressing this complaint, the judge stated that § 3553(a)(6) did not apply. But the judge apparently made this remark at least in part because defense counsel had relied on § 3553(a)(6) in his sentencing memorandum.

The judge apparently understood his authority to broadly consider sentencing disparities. He declined to consider this disparity not because he lacked authority, but because Ms. Armijo had pleaded guilty to a felony and Mr. Menchego had pleaded guilty to a misdemeanor:

---

[1]     Defense counsel stated in his memorandum:

> This court can and should take into consideration the unequal treatment of the two defendants in this case, a factor recognized by 18 U.S.C. § 3553 which states at ¶ (a)(6) "the need to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct." Although both defendants did not plead guilty to a felony assault charge, the Court cannot ignore the evidence that was present against both defendants which could have resulted in a jury finding both defendants guilty at the conclusion of a trial.

Def.'s Sentencing Mem. at 5 (Dec. 12, 2013) (Dkt. No. 87).

4

> Mr. Menchego . . . stands guilty of a misdemeanor offense, and the defendant stands guilty of a felony offense.
>
> . . . .
>
> [A]s I recall with Mr. Menchego's plea was that the evidence that the government had at trial was not going to support, you know, a felony conviction, or at least there was serious concern on the part of the government. So based on that . . . the government chose to offer a misdemeanor plea to the codefendant, and then Ms. Armijo pled straight up to the felony charge.
>
> So you have one defendant convicted of a misdemeanor and one defendant convicted of a felony, and there may be heartburn or there may be a view that the government was more generous to Mr. Menchego. But in terms of disparity analysis under the sentencing factors and that factor that talks about the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct, I don't consider that factor to come into play here because Ms. Armijo is convicted of the felony and Menchego was convicted of the . . . misdemeanor offense.

Tr. at 39-40 (Dec. 17, 2013) (Dkt. No. 104).

The judge considered the disparity, but viewed Ms. Armijo's circumstances as different from Mr. Menchego's. Relying on this dissimilarity, rather than a lack of legal authority, the district court acted within its discretion.[2] Thus, Ms. Armijo's sentence was not procedurally unreasonable.

---

[2]    In her reply brief, Ms. Armijo suggests that the government had to disprove Mr. Menchego's guilt. Appellant's Reply Br. at 12. This suggestion is new and unexplained. In her opening brief, Ms. Armijo argued that the court had mistakenly denied authority to consider the disparity with Mr. Menchego's sentence. The argument did not involve sufficiency of the government's evidence to justify the disparity. But,

5

## III.  Substantive Reasonableness

The sentence was substantively reasonable.  *Gall v. United States*, 552 U.S. 38, 51 (2007).

In our review, we again apply the abuse-of-discretion standard. *United States v. Lente*, 759 F.3d 1149, 1158 (10th Cir. 2014).

For the issue of substantive reasonableness, we consider whether the length of the sentence was reasonable under the § 3553(a) factors.  *United States v. Lente*, 759 F.3d at 1155.  We presume a sentence is reasonable when it falls within the guideline range.  *United States v. Chavez,* 723 F.3d 1226, 1233 (10th Cir. 2013).  Though this presumption can be rebutted, the party challenging the sentence bears the burden.  *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006).

Ms. Armijo's sentence lies within the guideline range, so it is presumptively reasonable.  But, she argues her sentence was excessive because

- she had been rehabilitated after the offense,

- the victim had started the altercation, and

- Mr. Menchego had inflicted the most serious injuries to the victim and obtained a milder sentence.

These factors did not compel the district court to impose a lighter sentence.

---

even in her reply brief, Ms. Armijo does not explain why the government would have to disprove Mr. Menchego's guilt.

6

## A.    Post-Arrest Rehabilitation

In Ms. Armijo's view, her post-arrest rehabilitation demonstrates that she is no longer "the same person who committed the offense." Appellant Br. at 35. In support, Ms. Armijo cites cases where courts have affirmed district court decisions to apply a downward variance because of a defendant's post-arrest rehabilitation. *See, e.g.*, *Gall v. United States*, 552 U.S. 38, 58 (2007) (holding that it was proper for the district court to take into account a defendant's post-arrest behavior as an indication that he would not engage in illicit conduct in the future).

Ms. Armijo concedes that her rehabilitation was factored into the sentence. The concession is correct, for the district court assessed Ms. Armijo's post-arrest rehabilitation: "[I]n terms of Ms. Armijo's participation in AA and her . . . efforts since she's been at the halfway house to deal with her alcohol problem, . . . that's commendable." Tr. at 40 (Dec. 17, 2013) (Dkt. No. 104). The court noted that this factor supported Ms. Armijo, but was matched by her history of alcohol-related and violent crimes in tribal court.

The court acted within its discretion in weighing Ms. Armijo's post-arrest rehabilitation.

## B.    Victim's Role in the Altercation

Ms. Armijo also argues that her sentence is substantively unreasonable because Ms. Baca started the fight. We disagree.

7

A victim's actions can support a downward departure from the guidelines. *See United States v. LaVallee,* 439 F.3d 670, 708-09 (10th Cir. 2006) (holding that where the victim "made sexually explicit remarks to a female officer, threatened [the defendant] immediately before the assault, and made an aggressive move toward him," the district court did not abuse its discretion in granting a downward departure).

The district court analyzed Ms. Baca's conduct, but explained that it did not warrant Ms. Armijo's violent reaction. Tr. at 18 (Dec. 17, 2013) (Dkt. No. 104). This explanation was reasonable, and the district court acted within its discretion in considering Ms. Baca's role in the altercation.

## C.    Mr. Menchego's Lesser Sentence

Finally, Ms. Armijo argues that the sentence was unreasonable because it was harsher than Mr. Menchego's. The district court recognized the difference in sentences, but acted reasonably in giving Ms. Armijo 24 months.

The district court justified Ms. Armijo's greater sentence based on her greater culpability. This rationale was justifiable based on the information supplied to the court.

This information included the difference in the offenses: Ms. Armijo pleaded guilty to assault resulting in serious injury, while Mr. Menchego pleaded guilty to touching the victim without consent. The government

8

explained that it had agreed to the lesser charge for Mr. Menchego because of differences in the bystanders' accounts. These differences created proof problems in the prosecution against Mr. Menchego.

These problems did not exist in the prosecution against Ms. Armijo. As her guilty plea reflects, she admitted that she had assaulted Ms. Baca, causing serious injury. This admission led the district court to observe: "[T]his case involved a situation where the defendant physically assaulted the victim, who was bitten numerous times and sustained a serious eye injury. By 'serious,' . . . I'm not only including the eye injury but . . . the various times the victim was bit." Tr. at 38 (Dec. 17, 2013) (Dkt. No. 104).

The district court acted within its discretion in viewing Ms. Armijo as more culpable than Mr. Menchego. Thus, the district court had the discretion to conclude that Ms. Armijo deserved a 24-month sentence even though Mr. Menchego had obtained probation.

## IV. Conclusion

In light of these conclusions, we affirm.

Entered for the Court

Robert E. Bacharach
Circuit Judge

9