**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 23, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

FRANCISCO EUGENIO CHAVEZ,
also known as Pancho,

    Defendant-Appellant.

No. 11-1419

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 1:10-CR-00220-DME-03)**

---

Terry R. Miller, Davis Graham & Stubbs LLP, Denver, Colorado, for Appellant.

Andrew A. Vogt, Assistant United States Attorney (with John F. Walsh, United States Attorney, Sergio Garcia, Special Assistant United States Attorney on the Answer Brief, and Paul Farley, Assistant United States Attorney, on the Supplemental Brief) Office of the United States Attorney, Denver, Colorado, for Appellee.

---

Before **TYMKOVICH, MURPHY**, and **O'BRIEN**, Circuit Judges.

---

**TYMKOVICH**, Circuit Judge.

---

    Francisco Chavez was arrested and charged in both California state court

and Colorado federal district court on charges stemming from his involvement in

a methamphetamine smuggling ring that operated between California and Colorado.  He pleaded guilty to both charges.  Chavez was first sentenced in federal court.  At his federal sentencing hearing, Chavez asked that the court allow him to serve his federal sentence concurrently with his still-to-be-imposed state sentence.  The government agreed with this recommendation, but the district court rejected it and ordered that Chavez's federal sentence run consecutive to his state sentence.

Chavez appeals this ruling, alleging the sentence is both procedurally and substantively unreasonable.   We find no error in the federal district court's exercise of sentencing discretion, and therefore AFFIRM.

## I.  Background

As part of an investigation into drug trafficking in Greeley, Colorado, state and federal authorities began investigating a drug dealer named Manuel Velasquez.  Undercover officers arranged to purchase a pound of methamphetamine on Velasquez's behalf from a seller in California.  Velasquez put the officers in touch with the seller, who instructed them to travel to California, give the money to a third party, and then meet a deliveryman, Chavez, to receive the drugs.  The officers traveled to California in November 2009, paid the third party, and obtained drugs from Chavez.

Because of his role as a deliveryman in the drug conspiracy, Chavez was indicted in Colorado federal district court in April, 2010, and was arrested in

California. On July 28, 2010, Chavez was transferred to the custody of the United States marshals, and on March 22, 2011, he pleaded guilty in federal district court to possession with intent to distribute methamphetamine. During much of his time in custody before sentencing, Chavez was cooperating with state and federal law enforcement, primarily with authorities investigating his links to the drug trafficking operation in California.

Prior to Chavez's federal sentencing, the United States Probation Office prepared a Presentence Investigative Report (PSR). The government agreed that Chavez had substantially assisted law enforcement and was eligible for a § 5K1.1 motion to reduce his sentence by thirty percent.[1] The government also agreed that Chavez should serve his federal sentence concurrently with his yet-to-be-imposed state sentence, though it noted that the resolution of this question remained within the discretion of the district court.

At a sentencing hearing the district court reached the following conclusions. First, over the objection of the government, the court determined Chavez's criminal history category over-represented the seriousness of Chavez's prior crimes. The court therefore reduced his criminal history category from III to II, resulting in a sentencing range of 121 to 151 months' imprisonment.

---

[1] As the district court correctly noted, because this motion placed Chavez below the statutory minimum sentence for his crime, the government should have made this motion under 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n).

Next, the court heard argument on whether Chavez's federal sentence should run consecutive to or concurrent with his yet-to-be-imposed state sentence. On this point, counsel for Chavez represented to the court that the state prosecutor was willing to ask the state court to have Chavez's state sentence run concurrent with Chavez's federal sentence and that he hoped the district court would impose a concurrent sentence with the state case. Chavez's attorney further noted that Chavez's involvement in the drug scheme giving rise to his federal charges was limited, while his involvement in the scheme related to the state charges was more extensive. Further, Chavez's attorney emphasized that his client's involvement in both cases was mitigated by the fact that Chavez had provided assistance to federal and state law enforcement in the prosecutions related to cases in both federal and state court.

The government similarly argued the sentences should be concurrent. The government reasoned that the offense date for Chavez's state charges was October 2009, which, the government noted, was very close in time to his November 2009 offense date in the federal case. The government also emphasized it had been in contact with California authorities and, on the government's understanding, both state and federal authorities were in support of having Chavez's state and federal sentences run concurrently. At the same time, the government reiterated that because of the type of plea agreement entered into between Chavez and the

government, the decision on the concurrent-versus-consecutive question was left to the discretion of the district court.

The district court denied Chavez's motion and ordered that he serve his federal sentence consecutively to any state sentence. The court reasoned: "[I]t is the Court's general belief and the belief in particular in this matter that if a defendant violated a federal law, there need[] to be consequences [for] that [conduct], and that those consequences need to be independent of the consequences that might flow from the violation of a state law." R. Vol. 2, at 30. Although the district court acknowledged both parties had reached a different conclusion on this question, the court nevertheless reiterated "there should be federal consequences for violating federal laws, and there should be state consequences for violating state laws." *Id*. at 30. The district court concluded as follows:

> The Court intends in no way to bind the state court. The Court does not intend to send any message to the state court or the prosecutors in that state matter as to how they wish to proceed. It will neither offend nor corroborate this sentence whatever the state prosecutor[s] in the state court wish to do. And if they feel they have the authority and it is appropriate for them to order their sentence concurrently, the Court is not stating or implying that that would be improper or that it shouldn't be done. The Court is simply saying from this Court's perspective for this sentence the Court does not believe that it is appropriate for this sentence to be concurrent to a state charge. And so that it will not be concurrent from this Court's point of view.

-5-

R. Vol. 2, at 31.

Next, the district court considered the joint motion for a thirty percent reduction in Chavez's sentence based on substantial assistance. The government maintained its support for this reduction, notwithstanding its objection to the court's categorization of Chavez's criminal history. The court granted the joint motion, thereby reducing Chavez's sentencing range to 84 to 105 months.

The court then heard argument on where within this range Chavez should be sentenced. This portion of the hearing included testimony from Chavez in which he admitted responsibility for his actions and suggested that a prior brain injury as an adolescent had in part contributed to his descent in alcoholism, drug use, and drug trafficking. Ultimately, the district court imposed a sentence of 84 months' imprisonment to run consecutive to any state sentence.

After imposing this sentence, the district court noted that prior to hearing testimony from Chavez, it had been considering a sentence for Chavez at the higher end of the 84 to 105 month range . The court, nevertheless, was impressed by Chavez's sincerity in testimony and concluded that Chavez "to an uncommon degree" was capable of being rehabilitated, despite the seriousness of the crime he had committed. *Id*. at 53.

Chavez was subsequently sentenced on the California state charges. The state court sentenced Chavez to a total of three years' imprisonment for transportation of controlled substances and possession for sale of controlled

substances. The former carried a three-year sentence and the latter carried a two-year sentence. It is unclear from the record whether the state sentences would also run concurrent with or consecutive to the federal sentence.

The state court also determined the amount of pretrial credit to award Chavez. The court first calculated the number of days between April 29, 2010 and January 23, 2012: that is to say, the number of days between the date of Chavez's arrest and the date of his sentencing in state court. This number totals 633 days. Relying on Section 4019 of the California Penal Code, which allows a prisoner to receive a certain amount of extra credit for each day of a sentence imposed, the state court then appears to have more or less doubled this number to award Chavez 1,265 days' credit for time served before his sentence. Later, while in federal custody, his eighty-four-month federal sentence was determined to start on January 31, 2012, seven days after the imposition of the state sentence.

Chavez timely filed this appeal raising a number of arguments about the propriety of the sentence imposed by the district court.

## II. Discussion

In his opening brief, Chavez's primary argument was that the federal district court did not have the authority to order his federal sentence to run consecutive to an as-yet-unimposed state sentence, but that this power rather lay with the Bureau of Prisons. Nevertheless, Chavez now concedes *Setser v. United States*, 132 S. Ct. 1463 (2012), settled this question in holding that district courts

have the inherent authority to make this determination.  The only remaining

issues to resolve are the procedural and substantive reasonableness of Chavez's

sentence, which we address in turn below.[2]

### A.  *Procedural Reasonableness*

First, Chavez argues his sentence is procedurally unreasonable because the

district court failed to sufficiently explain its reasons for choosing a consecutive

instead of a concurrent sentence.  Chavez alleges that if on remand the district

court provided a fuller explanation and then imposed a *concurrent* (as opposed to

a consecutive) sentence, it would reduce his overall sentence by five months.[3]

---

[2]  In his opening brief, Chavez claimed that, but for the district court's
alleged errors in sentencing, the BOP "would [have] allow[ed] Chavez to begin
serving his [federal] sentence while in state custody," an error which "likely
resulted in an additional 5 months in prison."  Aplt. Br. at 21.  If Chavez had been
alleging that the error concerned credits for presentence detention, his claim
might raise issues related to the redressability of his alleged injury on remand: a
federal district court does not have the authority to grant *credits* against federal
sentences; rather, such authority lies exclusively with the BOP, whose decisions
are then subject to appeal and ultimately judicial review.  *See United States v.
Wilson*, 503 U.S. 329 (1992).  But as Chavez clarified in supplemental briefing, a
favorable decision on remand would have the effect of changing the date used to
calculate the start of the federal sentence, a question over which the district court
must have exclusive control, given its inherent authority under *Setser* to decide
whether a sentence runs consecutive to or concurrent with a yet-to-be-imposed
state sentence.

[3]  Chavez seems to have assumed that a modification from a concurrent to a
consecutive sentence would change the effective date of his federal sentence from
January 31, 2012 (the date he was received in federal custody) to August 30, 2011
(the date his federal sentence was imposed).  Yet, as noted above, Chavez has
been incarcerated since April 29, 2010.  Chavez does not explain the basis for his
apparent assumption that the district court could not make his sentence

(continued...)

-8-

As an initial matter, there is some question about our standard of review of this claim. Chavez asserts that the position he took against a consecutive sentence prior to and during his sentencing hearing is enough to preserve his attack on the procedural reasonableness of his sentence, regardless of whether he renewed his objection after the court imposed a different sentence. *See United States v. Lopez-Avila*, 665 F.3d 1216 (10th Cir. 2011).

But at sentencing Chavez argued that the district court should not impose a consecutive sentence, and here he raises a different argument: that the court did not sufficiently explain why it chose a consecutive sentence. The claim is

---

[3](...continued)
retroactively concurrent with the state sentence, such that both sentences are calculated to begin on the first day of presentence detention. Because presentence federal detention can only be applied against one federal sentence, *see* 18 U.S.C. § 3585(b), this method of calculating a sentence seems to be, under some circumstances, the only means by which a federal sentencing court could make a sentence truly concurrent with a state sentence. Thus, if retroactive concurrency is not possible, then any continuance of a federal sentencing hearing for defendants like Chavez functions to extend the length of the federal sentence by the length of the continuance. Further, for defendants (such as Chavez) who are cooperating with law enforcement, sentencing might often be delayed until after trials for other non-cooperating accomplices or co-conspirators. Yet without retroactive concurrency, the defendants could be penalized for their cooperation because the later sentencing will effectively extend the length of the sentence. At the same time, we acknowledge there is a split among the circuits on whether a sentence can begin to run before the actual date it is imposed, though we seem to have no binding precedent on point. *See, e.g.*, *Demartino v. Thompson*, 116 F.3d 1489, 1997 WL 362260, at *2 (10th Cir. July 1, 1997) (unpublished) (holding that a federal sentence cannot begin before the date the sentence was imposed); *Carnine v. United States*, 974 F.2d 924, 929 n.4 (7th Cir. 1992) (collecting published authorities on both sides of the split).

therefore unpreserved. *See United States v. Gantt*, 679 F.3d 1240, 1247 (10th Cir. 2012) (reviewing for plain error a procedural unreasonableness claim tied to a guideline sentence departure because "[a]lthough Defendant's supplemental sentencing memorandum had argued against a departure, Defendant's complaint on appeal is not that the court rejected his arguments but that the court did not adequately explain why it acted as it did"), *cert. denied*, 133 S. Ct. 555 (2012).

Accordingly, we review the procedural reasonableness claim for plain error and will only vacate the sentence if: (1) there is error; (2) that is plain; (3) that affects substantial rights, or in other words, affects the outcome of the proceeding; and (4) substantially affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Ferrel*, 603 F.3d 758, 763 (10th Cir. 2010). We find no error here.

A district court commits a procedural sentencing error by failing to consider sentencing factors enumerated in 18 U.S.C. § 3553(a) or by failing to offer an individualized assessment of how the factors apply in a particular criminal defendant's case. *See Gall v. United States*, 552 U.S. 38, 50–51 (2007). Section 3553(a) dictates, among other things, that the sentencing court consider such matters as the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from further crimes of the defendant. This same requirement applies to a district court's determination of

-10-

whether to impose a consecutive or concurrent sentence. *See United States v. Rose*, 185 F.3d 1108, 1111 (10th Cir. 1999).

"[W]here a district court imposes a sentence falling within the range suggested by the Guidelines, Section 3553(c) requires the court to provide only a general statement of the reasons for its imposition of the particular sentence. This generalized statement need involve no ritualistic incantation to establish consideration of a legal issue, nor do we demand that the district court recite any magic words to prove that it considered the various factors Congress instructed it to consider. We will only step in and find error when the record gives us reason to think that our ordinary presumption that the district judge knew and applied the law is misplaced." *United States v. Benally*, 541 F.3d 990, 996–97 (10th Cir. 2008) (internal quotation marks, ellipses, and citations omitted; alterations incorporated).

Here, Chavez argues that his sentence is procedurally unreasonable because the district court failed to consider the § 3553(a) factors in imposing his sentence. His primary contention is that the district court applied the consecutive sentence by reasoning that "all state sentences should be run consecutive to all federal sentences" and that this "rigid and universal criterion" does not conform to the dictates of § 3553(a), which requires an individualized assessment of sentencing factors. Reply at 7.

This argument does not fairly reflect the record. As noted above, in deciding to make the sentence consecutive, the district court reasoned: "it is the Court's general belief and the belief *in particular in this matter* that if a defendant violated a federal law, there needs to be consequences [for] that, and that those consequences need to be independent of the consequences that might flow from the violation of a state law." R. Vol. 2, at 30 (emphasis added). The district court then subsequently reiterated this reasoning: "The Court is simply saying from this Court's *perspective for this sentence* the Court does not believe that it is appropriate *for this sentence to be concurrent* to a state charge." R. Vol. 2, at 31 (emphasis added).

Contrary to Chavez's characterization of the record, these statements from the district court demonstrate its consideration of the imposition of a consecutive sentence in the particular case before it. These contentions relate to a number of the factors to be considered under § 3553(a), including the seriousness of Chavez's offense, the need to promote respect for the law, and the need to afford adequate deterrence for separate violations of federal law. *See* 28 U.S.C. § 3553(a).

In sum, we find nothing in the record to overcome our presumption that the district court weighed each of the § 3553(a) factors. *See Rose*, 185 F.3d at 1111. We therefore hold that the district court did not impose a procedurally

unreasonable sentence, let alone commit plain procedural error affecting Chavez's substantial rights.

## B. *Substantive Unreasonableness*

Chavez also alleges that his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. *Gall*, 552 U.S. at 51. In considering whether a defendant's sentence is substantively reasonable, we examine "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Reyes-Alfonso*, 653 F.3d 1137, 1145 (10th Cir. 2011) (internal quotation marks omitted).

A sentencing decision is substantively unreasonable if it "exceed[s] the bounds of permissible choice, given the facts and the applicable law." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (internal quotation marks omitted). Further, we presume a sentence is reasonable if it is within the properly calculated guideline range. *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006).

A defendant normally bears the burden of rebutting this presumption in light of the § 3553(a) factors. *Id*. Chavez suggests we should not apply the presumption of reasonableness to his sentence because at the time the sentence was imposed, the district court did not (and could not) know the full length of the sentence to be served, given that sentencing on the state charges was still

-13-

pending. Under such circumstances, reasons Chavez, there is no Sentencing Guideline to apply and therefore the sentence cannot be within any guideline range. Chavez's proposed rule would essentially exempt from the presumption of reasonableness every federal sentence imposed prior to a state sentence, a result which would be in tension with the *Setser* holding itself. *See Setser*, 132 S. Ct. at 1472 (reasoning "[t]here is nothing *unreasonable*—let alone inherently impossible—about" a federal sentence imposed prior to a state sentence (emphasis added)). More importantly, even taking Chavez's state sentence into account, the full length of the time he will serve does not exceed the upper end of the 105-month range calculated by the district court. Thus, we see no reason why we should not apply the presumption of reasonableness to Chavez's sentence.

Chavez has not rebutted the presumption of reasonableness we apply to his sentence. First, Chavez again suggests that the sentence is unreasonable because of the district court's reliance on an allegedly rigid rule dictating that it always impose a consecutive sentence. As discussed above, the record reveals this is not the case.

Second, Chavez lists a number of additional factors that the district court could have considered in making the consecutive-versus-concurrent decision, such as Chavez's substantial assistance to law enforcement and the fact that the government recommended a concurrent sentence. Yet Chavez cites no authority for the proposition that merely because a sentencing court *could have* stated on

the record how certain facts played into his decision-making process, the failure to do so renders the sentence substantively unreasonable.

Finally, Chavez points to the district court's statement that it found him to have "an uncommon degree" of potential for rehabilitation, R. Vol. 2, at 53, and that he did not "need to be in prison more than 84 months." *Id*. at 54. Chavez argues the court's decision to impose that 84-month sentence consecutively undercuts its finding that an 84-month sentence was sufficient, because Chavez would actually serve more than 84 months.

Our review of the district court's statement here reveals that it was referring to the 84-month figure exclusively with reference to the federal sentence. We therefore do not see this finding as necessarily inconsistent with the district court's determination that separate federal punishment was necessary to promote respect for federal law.

Chavez's attack on the substantive reasonableness of his sentence therefore fails.

## III. Conclusion

Based on the foregoing analysis, we AFFIRM the district court's sentence.