**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

LUIS ALBERTO LOPEZ-MONTEZ,
a/k/a ALBERTO LOPEZ-MONTEZ,
a/k/a RODOLFO GONZALEZ-LOPEZ,
a/k/a YAMIL URIEL LECINTO,

     Defendant - Appellant.

_____

No. 14-1506
(D.C. No. 1:14-CR-00242-JLK-1)
(D. Colo.)

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RODOLFO GONZALEZ-LOPEZ,

     Defendant - Appellant.

No. 14-1507
(D.C. No. 1:14-CR-00320-JLK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **PHILLIPS**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

In two cases that were consolidated on appeal, appellant Rodolfo Gonzalez-Lopez, a/k/a Luis Alberto Lopez-Montez, pleaded guilty to illegal reentry by a deported alien following an aggravated felony conviction and to violating his supervised release. He challenges the procedural reasonableness of the sentences imposed. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm both sentences.

## I. Background

Mr. Gonzalez-Lopez is a Mexican citizen who first came to the United States illegally in 1999. Since then, he has sustained three convictions for drug offenses and been removed from the country three times. His latest conviction, in Colorado state court, resulted in a four-year prison sentence. While serving that sentence, he was charged in Colorado federal court with illegal reentry, to which he pleaded guilty (Appeal No. 14-1506). In addition, because Mr. Gonzalez-Lopez was still serving a term of supervised release imposed by a federal court in Ohio for an earlier drug offense, jurisdiction in that case was transferred to the Colorado federal court, where he was then also charged with violating his supervised release (Appeal No. 14-1507).

The Presentence Investigation Report (PSR) for the reentry offense recommended a 37-month sentence based on the United States Sentencing Guidelines imprisonment range of 37 to 46 months. The Supervised Release Violation Report for the revocation offense recommended a sentence of 18 months (consecutive to any sentence imposed for the reentry offense) based on the Guidelines imprisonment

2

range of 12 to 18 months. The calculation of these Guidelines ranges is not at issue in this appeal.

Before sentencing, Mr. Gonzalez-Lopez moved for a variant sentence of 24 months on the reentry conviction, to run concurrently with the sentence he was already serving on his Colorado conviction. Citing *United States v. Garcia-Jaquez*, 807 F. Supp. 2d 1005 (D. Colo. 2011), Mr. Gonzalez-Lopez argued that the Guidelines for the reentry conviction should be disregarded because they are not based on empirical data and that the purposes of 18 U.S.C. § 3553(a) would be better served if a shorter sentence were imposed. He did not file any objections to the sentencing recommendation on the violation of his supervised release.

The district court held a single hearing at which it sentenced Mr. Gonzalez-Lopez on the reentry conviction and, after he admitted to violating his supervised release, sentenced him on that also. At the hearing, Mr. Gonzalez-Lopez continued to argue for a 24-month concurrent sentence, emphasizing that his actions, though misguided, were motivated by a desire to help his family in Mexico. The government agreed that a 24-month sentence was appropriate but argued that the sentence should be consecutive to the Colorado sentence he was already serving. With respect to the violation of his supervised release, Mr. Gonzalez-Lopez admitted the allegations supporting the revocation petition but did not make any arguments about sentencing.

The district court addressed the reentry conviction first. It identified the same Guidelines range as set forth in the PSR, denying Mr. Gonzalez-Lopez's objections to

3

the PSR. The court then stated it would not follow the Guidelines in this case, expressly adopting the rationale provided in *Garcia-Jaquez*, 807 F. Supp. 2d at 1011-15. Nonetheless, the court stated it would look at the Guidelines and take them as advice as required under *Gall v. United States*, 552 U.S. 38, 49 (2007). The court also stated that it would follow and apply the factors to be considered in imposing a sentence set forth in 18 U.S.C. § 3553(a). The court then considered several of the § 3553(a) factors.

Regarding the history and characteristics of Mr. Gonzalez-Lopez, the court stated that selling heroin is "the moral equivalent of a crime of violence" because it means "selling death on the installment plan"; that providing one's family with the fruit of such a crime is "not a noble endeavor"; and that his conduct placed him outside the category of people who, despite entering the country illegally, deserve compassion and empathy. R., Vol. III, at 42-43.[1] With regard to promoting respect for the law, the court noted that Mr. Gonzalez-Lopez had "demonstrated time and time again that the laws of the United States mean absolutely nothing to him" by repeatedly reentering the country and selling dangerous drugs. *Id.* With regard to affording adequate deterrence, the court emphasized that it would not "trivialize" Mr. Gonzalez-Lopez's conduct by imposing a light sentence: "I want the other people in prison and the people in Mexico to know that you come to this country and do what this defendant did, you're going to pay for it. And he should know it, too."

---

[1] Citations to the record in this order and judgment are to the record on appeal filed in Appeal No. 14-1506. An identical transcript of the hearing (but with different pagination) was filed in Appeal No. 14-1507.

*Id.* at 43.  The court also noted that in response to a prior lenient sentence, Mr. Gonzalez-Lopez had chosen to reoffend.  And regarding protecting the public, the court stated that a determined drug pusher needed to be kept off the streets.  *Id.*

Based on these findings, the court sentenced Mr. Gonzalez-Lopez to a 40-month term of imprisonment on the reentry conviction, to run consecutively to his Colorado sentence.

The court then addressed the supervised release violation, indicating that for essentially the same reasons, it was imposing an 18-month sentence, consecutive to both the Colorado sentence and the reentry sentence.

## II.  Discussion

On appeal, Mr. Gonzalez-Lopez argues that both sentences are procedurally unreasonable.  First, he argues that the district court failed to adequately consider the Guidelines with respect to his sentence on the reentry offense.  Second, he argues that the district court failed to adequately explain why it imposed a consecutive sentence for the violation of his supervised release.

When a party does not preserve a procedural challenge to a sentence, as Mr. Gonzalez-Lopez concedes is true here, we review only for plain error.  *See United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012).  "Under plain error review, the defendant must demonstrate (1) there is error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Ruby*, 706 F.3d 1221, 1226 (10th Cir. 2013).  We discern no plain error.

5

A sentence is procedurally reasonable when the sentencing court calculates the applicable Guidelines range, considers the § 3553(a) factors, and affords the defendant his rights under the Federal Rules of Criminal Procedure. *United States v. Geiner*, 498 F.3d 1104, 1107 (10th Cir. 2007). Conversely, "[a] district court commits a procedural sentencing error by failing to consider sentencing factors enumerated in 18 U.S.C. § 3553(a) or by failing to offer an individualized assessment of how the factors apply in a particular criminal defendant's case." *United States v. Chavez*, 723 F.3d 1226, 1232 (10th Cir. 2013). Section 3553(a) requires the sentencing court to consider, among other things, whether the sentence imposed reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public from further crimes of the defendant. *Chavez*, 723 F.3d at 1232. "This same requirement applies to a district court's determination of whether to impose a consecutive or concurrent sentence." *Id.*; *see also* 18 U.S.C. § 3584(b).

## A.  Reentry Offense

Although the Guidelines are merely advisory, "[t]he sentencing court must give consideration to the applicable guideline sentence." *Gantt*, 679 F.3d at 1247. Mr. Gonzalez-Lopez does not argue that the district court failed to properly calculate the applicable sentencing range under the Guidelines. By calculating and acknowledging the advisory guideline sentence, the court satisfied its obligation to consider the Guidelines. *See id.* at 1248 ("To consider is not necessarily to adopt.").

6

Contrary to Mr. Gonzalez-Lopez's argument on appeal, the record as a whole makes clear that the court did not outright disregard the Guidelines.

Further, in spite of the court's statement that it would not follow the Guidelines, the sentence it imposed is within the Guidelines imprisonment range. When a court imposes a sentence falling within the range suggested by the Guidelines, it must give "only a general statement of the reasons for its imposition of the particular sentence." *Chavez*, 723 F.3d at 1232. Here, the district court gave much more than a general statement and specifically described its reasons, based explicitly on the § 3553(a) factors, for imposing a 40-month sentence. We see no clear or obvious error.

To the extent Mr. Gonzalez-Lopez argues that the court erred by stating that his motion for a variant sentence was "moot," the record reflects that at that point in the hearing the court had already denied the motion and that its reasons for declining to vary downward from the Guidelines range were based on the § 3553(a) factors.

**B. Violation of Supervised Release**

Mr. Gonzalez-Lopez argues that the district court failed to explain its reasons for imposing a consecutive sentence for the violation of his supervised release. He did not make any arguments directly addressing his supervised release sentence at the hearing, nor does he argue on appeal that the 18-month sentence was improperly calculated. There is no dispute that the sentence is within the applicable Guidelines range and that the court had the discretion to impose a consecutive sentence. We find the reasons for imposing a consecutive sentence are clear from the court's discussion

7

of the § 3553(a) factors as they pertained to the reentry sentence. Thus, the record as a whole makes it clear that the court considered the relevant factors and made an individualized assessment when deciding to have Mr. Gonzalez-Lopez's federal sentences run consecutively to one another and to his Colorado sentence. *See Chavez*, 723 F.3d at 1232-33 (finding consecutive sentence procedurally reasonable in light of district court's application of the § 3553(a) factors). We further conclude the court did not commit plain error by implicitly incorporating the same analysis it performed on the reentry offense into its sentencing determination as to the violation of supervised release.

## III. Conclusion

Therefore, we affirm both sentences.

Entered for the Court

Jerome A. Holmes
Circuit Judge