**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

LUIS CARLOS PENA-MARQUEZ,

     Defendant-Appellant.

No. 16-2075
(D.C. No. 2:16-CR-01028-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Mr. Luis Carlos Pena-Marquez violated the terms of his supervised release by illegally reentering the United States. *See* 8 U.S.C. § 1326(a). The district court imposed a sentence of 12 months, with 9 of these months running concurrently with another sentence of 30 months. Mr. Pena-Marquez argues that the district court failed to explain the 12-month sentence. We affirm.

---

[*] The parties do not request oral argument, and it would not be helpful. As a result, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But our order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Because this appeal point was not made in district court, we apply the plain-error standard. *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007). We can reverse only if Mr. Pena-Marquez shows (1) that an error was made (2) that is plain (3) that affects Mr. Pena-Marquez's substantial rights and (4) that affects the "fairness, integrity, or public reputation of judicial proceedings." *United States v. Chavez*, 723 F.3d 1226, 1232 (10th Cir. 2013). We reject the appeal point at the second step: If an error existed, it would not have been plain.

At the second step, an error is considered "plain" only if it is "so clear or obvious that it could not be subject to any reasonable dispute." *United States v. Courtney*, 816 F.3d 681, 684 (10th Cir.), *cert. denied*, 2016 WL 4141537 (U.S. Oct. 3, 2016).

At sentencing, the district court found that the guideline range was 12-18 months and noted that Mr. Pena-Marquez had kept entering the country illegally. When given an opportunity, defense counsel did not address how long the sentence should be. Instead, defense counsel asked only that the court run at least part of the sentence concurrently with the 30-month sentence. The court complied, running 9 of the 12 months concurrently with the 30-month sentence.

The district court had to give a general explanation for the sentence. *United States v. Martinez-Barragan*, 545 F.3d 894, 903 (10th Cir. 2008). The district court arguably provided a general explanation by finding the

applicable guideline range and noting that Mr. Pena-Marquez had continued to enter the country illegally. But if that explanation were not enough, the deficiency would not have been obvious.

Because the 12-month sentence fell within the guideline range and Mr. Pena-Marquez has not relied on any factors outside the guidelines, the district court did not need "to explain on the record how the [18 U.S.C.] § 3553(a) factors justify the sentence." *United States v. Lopez-Flores*, 444 F.3d 1218, 1222 (10th Cir. 2006). Thus, the court had no obvious duty to explain the sentence beyond finding the applicable guideline range and remarking on Mr. Pena-Marquez's illegal entries into the country. In these circumstances, we reject Mr. Pena-Marquez's appellate challenge under the plain-error standard.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge

3