**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 29, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NARAYSHA MARVE UNDERWOOD,

    Defendant - Appellant.

No. 18-1017
(D.C. No. 1:17-CR-00124-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

Naraysha Marve Underwood appeals from the 72-month sentence he received

after pleading guilty to being a felon in possession of a firearm and ammunition, in

violation of 18 U.S.C. § 922(g)(1). Exercising jurisdiction under 18 U.S.C. § 3742(a)

and 28 U.S.C. § 1291, we affirm.

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

# BACKGROUND

Although Mr. Underwood is a convicted felon and cannot legally possess a firearm or ammunition, each time he is released from prison he arms himself. After serving time in Colorado state prison from 2001 until 2006, he possessed a pistol that in 2007 landed him with a federal 44-month sentence for violating § 922(g)(1). After his release in 2012, he moved to Georgia. There, in 2013 he pleaded guilty in state court to possession of a firearm by a convicted felon. His federal supervised release was revoked, and he was sentenced to twenty-four months' imprisonment, leading to his release in 2015. But before the year was out, he again pleaded guilty in state court to possession of a firearm by a felon.

In April 2017, he was in Colorado for a visit. Police attempted to stop him because he was riding a bicycle on the sidewalk in Denver. He rode away, fell, and lost a loaded .45 caliber pistol from his waistband. Officers caught up and arrested him, but as they were walking him to the police car, he broke free. He threw himself on the hood of a car in an intersection and asked the driver to help him get away. Officers again caught him and took him into custody.

After accepting a plea agreement and pleading guilty to one count of violating § 922(g)(1), Mr. Underwood requested a downward departure from the advisory Sentencing Guideline range of 63 to 78 months. His counsel explained to the district court that Mr. Underwood carries firearms as a result of a traumatic personal history that includes childhood neglect and abuse (both in his biological family and in the foster-care system), untreated and mistreated mental illnesses, and the violent deaths

2

of numerous people close to him, including two brothers.  Submitting a 21-page report by a social worker discussing Mr. Underwood's biological, social, and psychological history, counsel argued that "'[w]eapon carrying is not a reflection of his dangerousness, but rather a learned behavior that Mr. Underwood has used as a way to feel safer from the world that has told him time over, *you are not safe and we can't be trusted*.'""  R. Vol. 1 at 53 (quoting *id.*, Vol. 2 at 55).  "[T]he report shows how Mr. Underwood is unlikely to derive any sort of life-changing lessons from a longer prison sentence, and his mental health is likely to regress."  *Id.* at 54.  Counsel thus requested a shorter sentence of imprisonment, to be followed by intensive rehabilitation efforts.  The United States objected to a downward departure and requested a within-Guideline sentence, as required by the plea agreement.

At sentencing, the district court expressed concern that the factors counsel had highlighted actually increased Mr. Underwood's likelihood of dangerousness.

> The question at some point becomes, then, community safety.  So if . . . through no fault of his own . . . he has got this hypervigilant nature and, you know, for that reason or some other reason he is just not deterred by convictions or sentences in not possessing firearms and, you know, it's not like he is a gun collector. You know, he doesn't have the firearm mounted above the fireplace.
>
> He is carrying them.  He is struggling with police officers.  He is fleeing.  He is doing all sorts of things that would cause someone in a fleeting moment to perhaps do something really dangerous like pull the trigger, like point it at someone.  He hasn't done that yet, but, you know, we can look over his criminal history and tell that he is not someone who you would hold up as a model of good judgment.
>
> So why do all those things that you have identified as reasons to give him a variant sentence not all turn into really good reasons to give him a variant sentence the other way because he is just flat out dangerous.  He is a guy who is not capable of deterrence and . . . one thing that we can use the

3

past to determine is that he has got an extremely high propensity to possess firearms.

*Id.*, Vol. 3 at 54-55. Ultimately, the district court denied the motion for a downward departure and imposed a within-Guidelines sentence of 72 months.

## DISCUSSION

On appeal, Mr. Underwood argues that the 72-month sentence is substantively unreasonable.[1] "Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Craig*, 808 F.3d 1249, 1261 (10th Cir. 2015) (internal quotation marks omitted). "When reviewing a sentence for substantive reasonableness, this court employs the abuse-of-discretion standard." *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (internal quotation marks omitted).

Because the 72-month sentence is within the Guidelines range, it is entitled to a rebuttable presumption of reasonableness. *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013). The § 3553(a) factors include the nature and circumstances of the offense; the defendant's history and characteristics; the need to reflect the

---

[1] For preservation purposes only, Mr. Underwood also asserts that his prior Colorado conviction for second degree assault with a deadly weapon, in violation of Colo. Rev. Stat. § 18-3-203(1)(b), is not a "crime of violence" for purposes of Sentencing Guideline § 4B.1.2. As he acknowledges, his argument that the conviction does not satisfy the Guideline's elements clause fails in light of *United States v. Ontiveros*, 875 F.3d 533, 538 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 2005 (2018).

seriousness of the offense, to promote respect for the law, and to provide just punishment; deterrence; incapacitation; the need to provide training, medical care, or other correctional treatment; the sentencing range and any pertinent policy statements; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

In denying the motion for a departure, the district court discussed the social worker's report, recognizing the difficulties posed by Mr. Underwood's past. And the district court recognized the argument that a long sentence would not help him. But it also noted that Mr. Underwood had received a below-Guidelines sentence in connection with his 2007 conviction for violating § 922(g)(1), in part because of his history, and that he had subsequently possessed firearms at least three more times.

Moving on to determine the appropriate length of the sentence, the district court expressed concern that Mr. Underwood's belief that he has to arm himself is not a realistic response to the perceived threat. It found no indication that his possession of a pistol would have made any difference in the attacks on those close to him, and it expressed concern that Mr. Underwood lacked the judgment to decide when to pull the trigger. The district court further recognized that Mr. Underwood had expressed no remorse, but instead stated his only regret was getting caught. "And he's going to do it again. I mean, you know, he's expressed it. . . . [H]e thinks he has a right to – for self-protection by carrying loaded firearms, so – and we don't have to think that that's just theoretical. You just look at his recent criminal history, and that's what he does, and that's what he is going to do." R., Vol. 3 at 127. The

5

district court ultimately decided that a middle-of-the-Guidelines sentence was necessary to protect the public.

Mr. Underwood asserts the sentence "is unreasonably harsh in light of the § 3553(a) sentencing factors," and the district court "plac[ed] excessive weight on the factor of incapacitation." Aplt. Br. at 14. But "[t]he district court need not afford equal weight to each of the factors." *United States v. Sanchez-Leon*, 764 F.3d 1248, 1267 (10th Cir. 2014). "[A]s long as the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance." *Sells*, 541 F.3d at 1239. In this case, we cannot conclude that the district court's sentencing decision was an abuse of discretion. Although Mr. Underwood would have preferred that the district court take more account of his personal history and circumstances, its decision that those factors were outweighed by protection of the public and the need for incapacitation was not arbitrary, capricious, or manifestly unreasonable.

## CONCLUSION

The district court's judgment is affirmed.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

6