**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN PABLO MARTINEZ-MARTINEZ,
a/k/a Daniel Martinez Aguilar, a/k/a Daniel
Aguila, a/k/a Armando Castro-Castro, a/k/a
Antonio Penuelas-Castro, a/k/a Rogelio
Ramiraz-Ramiraz, a/k/a Miguel Luna-
Robledo, a/k/a Carlos Monoyoqui-Lopez,
a/k/a Luis Marquez-Nunez,

    Defendant - Appellant.

No. 18-5072
(D.C. No. 4:18-CR-00054-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

After Juan Pablo Martinez-Martinez pleaded guilty to illegally reentering the

United States for a third time, the district court sentenced him to 21 months'

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment isn't binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.
But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R.
32.1.

imprisonment. Martinez-Martinez appeals, arguing his sentence is substantively unreasonable. For the reasons discussed below, we affirm.

Martinez-Martinez is a native and citizen of Mexico who has voluntarily returned to Mexico or been removed from the United States on several occasions. Between 2000 and 2002, Martinez-Martinez voluntarily returned to Mexico seven times. In 2002, he pleaded guilty to improper entry, and the government removed him. In 2008, authorities discovered him in the United States and removed him again. In 2010, he pleaded guilty to illegal reentry; the district court sentenced him to eight months' imprisonment, and the government then removed him. In 2012, he pleaded guilty to illegal reentry for the second time; the district court sentenced him to 15 months' imprisonment, and the government removed him once more.

Additionally, Martinez-Martinez incurred several drug- and alcohol-related convictions while in the United States. In 2005, he pleaded guilty to possession of marijuana and public intoxication. In 2009, he pleaded guilty to driving under the influence of alcohol (DUI). And in 2010, he pleaded guilty to a second DUI.

In October 2017, law-enforcement officers arrested Martinez-Martinez in Oklahoma. During routine booking procedures, the officers determined that Martinez-Martinez was unlawfully in the United States. As a result, Martinez-Martinez again pleaded guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326(a)—his third such conviction.

Based on a Guidelines range of 15 to 21 months' imprisonment, *see* U.S.S.G. § 2L1.2(a), the district court sentenced Martinez-Martinez to 21 months'

imprisonment. In support, the district court cited several factors, including Martinez-Martinez's reentry "after seven voluntary returns and four [removals]"; his "four drug[-] or alcohol-related convictions"; his "history of physical[-] and mental[-] health issues"; and his most recent illegal-reentry sentence of 15 months' imprisonment. R. vol. 3, 39–40. Martinez-Martinez appeals, arguing that his 21-month sentence is substantively unreasonable.

"We review the substantive reasonableness of a sentence for abuse of discretion." *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013). A district court abuses its discretion only if it imposes a sentence that "is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Durham*, 902 F.3d 1180, 1236 (10th Cir. 2018) (quoting *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008)).

In reviewing Martinez-Martinez's sentence for substantive reasonableness, we ask "whether the length of [his] sentence is reasonable given all the circumstances of the case in light of" the relevant factors under 18 U.S.C. § 3553(a). *United States v. Singer*, 825 F.3d 1151, 1158 (10th Cir. 2016) (quoting *United States v. Craig*, 808 F.3d 1249, 1261 (10th Cir. 2015)). Among other things, these factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense and promote respect for law enforcement; the need to deter criminal conduct; and the need to protect the public from future crimes. *See* § 3553(a). Further, because the district court sentenced Martinez-Martinez within the Guidelines range, we presume

3

that his sentence is reasonable. *United States v. McBride*, 633 F.3d 1229, 1233 (10th Cir. 2011).

Seeking to overcome the presumption of reasonableness, Martinez-Martinez asserts the district court overemphasized the severity of his criminal history—in particular, by focusing on his 2010 DUI conviction—when weighing the factors listed in § 3553(a).[1] *Cf.* U.S.S.G. § 4A1.3(b)(1) (allowing for downward departure if "defendant's criminal[-]history category substantially over[]represents [1] the seriousness of the defendant's criminal history or [2] the likelihood that the defendant will commit other crimes"). Martinez-Martinez suggests this conviction is "minimal," Aplt. Br. 9, because the state court never sentenced him for this offense.

But we see no indication that, by focusing on Martinez-Martinez's 2010 DUI conviction, the district court improperly inflated the severity of his criminal history. Indeed, the state court never sentenced Martinez-Martinez for this offense because, after the state court deferred sentencing for one year, Martinez-Martinez failed to appear for his subsequent sentencing hearing. If anything, the circumstances of the 2010 DUI support, rather than undermine, the district court's focus on this offense.

Moreover, we note that in addition to the 2010 DUI conviction, Martinez-Martinez had a long list of other convictions, including two prior illegal-reentry convictions and three other alcohol- and drug-related convictions. Further, for each

---

[1] Martinez-Martinez doesn't challenge the calculation of his Guidelines range, essentially conceding that the 2010 DUI conviction was properly counted in his criminal-history category.

of the prior illegal-reentry convictions, he received sentences shorter than his current sentence—8 and 15 months, respectively. Thus, it's clear that neither the convictions themselves nor the relatively short sentences Martinez-Martinez received as a result of those convictions was sufficient to deter him from illegally reentering the country. The district court was therefore justified in imposing this longer sentence as a deterrent. *See* § 3553(a)(2)(B) (allowing district court to consider need for sentence to "afford adequate deterrence to criminal conduct"); *United States v. Guardado-Panuco*, 746 F. App'x 784, 785 (10th Cir. 2019) (unpublished) (finding 24-month sentence substantively reasonable because it would "provide the appropriate level of deterrence" where defendant had two prior illegal-reentry convictions).

Accordingly, we see no indication that by focusing on Martinez-Martinez's 2010 DUI conviction, the district court overstated the severity of his criminal history. As such, Martinez-Martinez fails to overcome the presumption that his Guidelines sentence is substantively reasonable, and the district court didn't abuse its discretion in imposing Martinez-Martinez's sentence.

Entered for the Court

Nancy L. Moritz
Circuit Judge

5