**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 2, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRIAN OTTIS PRUST,

    Defendant - Appellant.

No. 23-6199
(D.C. No. 5:23-CR-00110-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

Brian Prust argues that his 51-month prison sentence for being a felon in possession of a firearm is substantively unreasonable. Because the district court did not abuse its discretion in rejecting Prust's policy argument about the United States Sentencing Guidelines (U.S.S.G. or the Guidelines) and because Prust offers no other reason to question the length of his sentence, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

**Background**

In February 2023, Oklahoma City police officers responded to a domestic-violence call involving Prust and his common-law wife. Prust's wife reported that he pointed a loaded gun at her, threatened to kill her, and later shoved her down the stairs. When the officers searched Prust's home, they found a nine-millimeter Sig Sauer pistol in his living room, as well as a magazine containing 11 live rounds of ammunition. The following month, a grand jury charged Prust with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After unsuccessfully moving to suppress the firearm and ammunition, Prust pleaded guilty to the single charge in the indictment.

Ahead of sentencing, the probation office prepared a presentence investigation report (PSR) detailing Prust's prior criminal history, which included various incidents of domestic violence and unlawful firearm possession (as well as a variety of intoxication-related incidents). For example, he was convicted of arson in 2003 for setting his wife's bedding on fire. And as particularly relevant to this appeal, he was convicted in 2020 of unlawfully possessing a shotgun with a sawed-off barrel. Based on this 2020 felon-in-possession conviction, the PSR set Prust's base offense level at 20. *See* U.S.S.G. § 2K2.1(a)(4)(A) (setting offense level for unlawful-possession offense at 20 if defendant has prior offense for crime of violence); U.S.S.G. § 4B1.2(a)(2) (defining "crime of violence" to include unlawful possession of various short-barreled firearms). The PSR then added four levels because Prust possessed the firearm in this case in connection with another felony offense—threatening his wife

2

with the firearm—and subtracted three levels for acceptance of responsibility. *See* § 2K2.1(b)(6)(B); U.S.S.G. § 3E1.1.

Based on the resulting total offense level of 21 and a criminal-history category of III, the PSR set Prust's Guidelines sentencing range at 46 to 57 months. However, the PSR also noted that forthcoming retroactive amendments to the Guidelines would reduce Prust's criminal history category to II, which would in turn reduce his sentencing range to 41 to 51 months.

At sentencing, Prust asked the district court to apply those forthcoming amendments, and the district court agreed to do so, reducing the Guidelines range to 41 to 51 months. Prust next argued that even though possession of a sawed-off shotgun was a crime of violence under § 4B1.2(a)(2), he was entitled to a downward variance because "there [wa]s no evidence to suggest [he] did anything with the sawed-off shotgun other than possess it." R. vol. 1, 27. In other words, he contended that the prior possession offense was not, in fact, a *violent* offense. The district court disagreed with this argument and sentenced Prust to 51 months imprisonment and three years of supervised release.

Prust appeals.

### Analysis

Prust argues that his 51-month sentence is substantively unreasonable. "We review this issue for abuse of discretion." *United States v. Peña*, 963 F.3d 1016, 1024 (10th Cir. 2020). In so doing, "we give 'substantial deference' to the district court and will only overturn a sentence that is 'arbitrary, capricious, whimsical, or

manifestly unreasonable.'" *Id.* (quoting *United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009)). "Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of [a number of] the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Williams*, 994 F.3d 1176, 1180 (10th Cir. 2021) (alteration in original) (quoting *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007)). And under longstanding precedent, we "presume a sentence is reasonable if it is within the properly calculated [G]uideline[s] range." *United States v. Woody*, 45 F.4th 1166, 1180 (10th Cir. 2022) (quoting *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013)). Thus, because Prust's sentence is within a Guidelines range he does not contend was improperly calculated, he "bears the burden of rebutting this presumption in light of the § 3553(a) factors." *Chavez*, 723 F.3d at 1233.

According to Prust, because his prior conviction for possessing a sawed-off shotgun "cannot fairly be characterized as a crime of violence[,] . . . the advisory [G]uideline range was excessive[,] and a downward variance would have been appropriate." Aplt. Br. 8. In arguing as much, Prust acknowledges that the Guidelines define possession of a sawed-off shotgun as a crime of violence. *See* § 4B1.2(a)(2) (defining "crime of violence" to include unlawful possession of a short-barreled shotgun). But he asserts that this characterization is improper because the same offense might not qualify as a violent felony under the Armed Career Criminal Act (ACCA). *See Johnson v. United States*, 576 U.S. 591, 594, 606 (2015) (vacating

4

ACCA sentencing enhancement for possession of sawed-off shotgun after holding that residual portion of definition of "violent felony" was unconstitutionally vague).

But whether the possession of a sawed-off shotgun qualifies as a violent felony under the ACCA does not undermine the substantive reasonableness of Prust's sentence in the instant case. Prust's challenge on this front amounts to a subjective policy disagreement with the Guidelines, which continue to classify his prior offense as a crime of violence even though that might not align with the ACCA's statutory definition of "violent felony." And although Prust was entitled to raise his policy argument before the district court, the district court was under no obligation to accept it: "'a sentence is not rendered unreasonable merely because of a district court's refusal to deviate from the advisory [G]uideline[s] range' based on disagreements with the policies underlying a particular Guideline[s] provision." *United States v. Wilken*, 498 F.3d 1160, 1172 (10th Cir. 2007) (quoting *United States v. McCullough*, 457 F.3d 1150, 1171 (10th Cir. 2006)). The district court thus did not abuse its discretion in rejecting Prust's policy argument. And Prust offers no other reason to question the length of his sentence, so he cannot overcome the presumption that his within-Guidelines sentence is substantively reasonable, and we affirm.

**Conclusion**

Because the district court did not abuse its discretion in imposing a within-Guidelines sentence of 51 months, we affirm.

Entered for the Court

Nancy L. Moritz
Circuit Judge