FILED
United States Court of Appeals
Tenth Circuit

January 29, 2026

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WINSTON LEVERT HANKS, JR.,

Defendant - Appellant.

No. 25-7018
(D.C. No. 6:23-CR-00186-JFH-1)
(E.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Winston Levert Hanks, Jr., pleaded guilty to Drug Conspiracy in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). After the district court imposed a sentence of 324 months' imprisonment, Hanks filed a timely notice of appeal. His counsel subsequently moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), stating her belief that there are no non-frivolous arguments on appeal.

_____

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After independently reviewing the record, we agree.  Hanks's guilty plea was valid, and he has waived his right to directly appeal his conviction or sentence.[1]  Exercising our jurisdiction under 28 U.S.C. § 1291, we **GRANT** counsel's motion to withdraw and **DISMISS** this appeal.

## I.  Background

Hanks was the leader of a drug trafficking organization that imported large quantities of methamphetamine from Mexico to Oklahoma.  The United States Postal Service intercepted one of the organization's drug shipments, which resulted in a joint investigation by the Oklahoma Bureau of Narcotics and the Drug Enforcement Administration.  On October 12, 2023, the government named Hanks and several coconspirators in a twenty-nine count indictment alleging drug conspiracy, money laundering, and firearm offenses.

In exchange for the government dropping all other charges against him, Hanks pleaded guilty to Drug Conspiracy.  Based on Hanks's criminal history and offense level, the presentence investigation report calculated a sentencing guidelines imprisonment range up to life.  The district court, however, granted the government's motion for a downward departure of six levels to Hanks's total offense level, which resulted in a new

---

[1] As part of Hanks's plea agreement, he waived "the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a)."  R., Vol. I at 32 (Plea Agreement, dated April 23, 2024).

guidelines range of 324 to 405 months.[2]  On March 13, 2024, the district court imposed a sentence of 324 months' imprisonment.

Hanks filed a notice of appeal on March 21, 2025, after which his counsel moved to withdraw and filed an *Anders* brief.  The government indicated it would not file a response and Hanks has also not filed a brief.

## II.     Standard of Review

Under *Anders*, defense counsel may "request permission to withdraw" if "after a conscientious examination" of the case counsel finds the appeal "to be wholly frivolous." *Anders*, 386 U.S. at 744.  After making such a determination, counsel must submit "a brief referring to anything in the record that might arguably support the appeal."  *Id.* "[A]fter a full examination of all the proceedings," this court must make its own determination of whether the case is wholly frivolous.  *Id.*

## III.     Discussion

Hanks's counsel has not identified any arguable basis to support an appeal of the conviction or sentence.  After conducting the review required by *Anders*, we agree the appeal is wholly frivolous.

First, nothing in the record suggests that Hanks's guilty plea was invalid under Federal Rule of Criminal Procedure 11.  The plea agreement outlined the terms of the

---

[2] Hanks also waived in the plea agreement his right to "request, recommend, or file" a "departure" or "variance" motion with the court that asked for "a sentence below the Guidelines range."  R., Vol. I at 33.  Despite that waiver, Hanks filed a "Response In Support" of the government's departure motion in which he argued the government's motion did not go far enough and "request[ed] the Court depart significantly further downward . . . to no more than 120 months."  R., Vol. II at 91–93.

plea and informed Hanks that the sentencing range for Drug Conspiracy is imprisonment for a period of not less than ten years and up to life. At the change of plea hearing, the magistrate judge performed a satisfactory Rule 11 colloquy. He determined, among other things, that Hanks was competent to enter an informed plea, R., Vol. III at 14–15; that he understood the charges against him and the consequences of his plea, *id.* at 9–11, 20–22, 26; that there was an adequate factual basis for the plea, *id.* at 26–28; that Hanks initialed and reviewed every page of his plea agreement, *id.* at 16–17; that Hanks understood he was waiving certain appellate and post-conviction rights, *id.* at 18–19; and that his plea of guilty was done knowingly and voluntarily, *id.* at 30. As a result, there are no legally non-frivolous grounds to appeal Hanks's guilty plea.

Second, because of that conclusion, Hanks cannot appeal his conviction or sentence since he has waived that right. This court "will enforce an appeal waiver in a plea agreement as long as three elements are met: (1) 'the disputed appeal falls within the scope of the waiver of appellate rights'; (2) 'the defendant knowingly and voluntarily waived his appellate rights'; and (3) 'enforcing the waiver would [not] result in a miscarriage of justice.'" *United States v. Tanner*, 721 F.3d 1231, 1233 (10th Cir. 2013) (per curiam) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam)) (alteration in original). "In determining whether a defendant waived his appellate rights knowingly and voluntarily, we especially look to two factors." *Id.* (citation and quotations omitted). "The first factor is 'whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily'

4

and the second is whether there was 'an adequate Federal Rule of Criminal Procedure 11 colloquy.'" *Id.* (quoting *Hahn*, 359 F.3d at 1325).

We find the above three elements are met. *First*, this direct appeal under § 1291 falls within the scope of the waiver. *See* R., Vol. I at 32. *Second*, the plea agreement states Hanks waived his appellate rights "knowingly and voluntarily." *Id.* Because Hanks also acknowledged he was waiving his appellate rights at an adequate Rule 11 colloquy, *see* R., Vol. III at 18–19, we conclude his appeal waiver was done knowingly and voluntarily, *see Tanner*, 721 F.3d at 1233. And *third*, based on our review of the record, we are satisfied that enforcing the waiver would not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1327. We therefore enforce the waiver.

Third, even if Hanks had not waived his right to appeal his sentence, we discern no basis to conclude that his sentence was procedurally or substantively unreasonable. The district court properly considered the sentencing factors enumerated in 18 U.S.C. § 3553(a) and offered an individualized assessment of how the factors applied to Hanks's case. *See* R., Vol. IV at 9–11. After granting the government's motion for a downward variance, the district court imposed a sentence at the lowest end of the resulting guideline range. Accordingly, the district court's sentencing decision is presumptively reasonable. *See United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013) ("[W]e presume a sentence is reasonable if it is within the properly calculated guideline range."). We find no error in the record to displace that presumption.

## IV.    Conclusion

Hanks's counsel has satisfied the *Anders* procedures and, after reviewing the record, we conclude that the appeal is frivolous.  For those reasons, we grant counsel's motion to withdraw and dismiss this appeal.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge