**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 9, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANILLE MORRIS,

    Defendant - Appellant.

No. 17-3074
(D.C. No. 2:16-CR-20022-JAR-3)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

    The events underlying Danille Morris's convictions and sentence—a bank robbery, a car chase, wild gunshots, a rollover accident, and an attempted carjacking—seem ripped from a movie script. But the 200-month sentence from which she appeals is quite real. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Morris had an intimate relationship with Gary Jordan. On March 9, 2016, Jordan asked her to be his getaway driver for a bank robbery. Bringing her 19-month-old daughter, Morris drove her 2003 Chevrolet Tahoe to pick up Jordan and then another man, Jacob Smith. She drove the men as they looked for a good target, eventually ending up at the First National Bank in Stilwell, Kansas.

Pretending to look for work, Morris went in and cased the bank, then reported the number of employees to Jordan and Smith. Carrying handguns, Jordan and Smith robbed the bank of more than $15,000 while Morris waited with the Tahoe running. After the robbery, Jordan took the wheel. Morris was in the front passenger seat, with Smith and Morris' daughter in the backseat. Morris and Smith began putting the money into a backpack.

Within minutes, police spotted and chased the Tahoe. For approximately 21 miles, Jordan drove at high speeds, evaded "stop sticks" the police deployed, ran at least a half-dozen red lights, and drove on the sidewalk to get around traffic. During the chase, Smith fired numerous shots at the pursuing police cars, hitting one car near the driver's door.

Believing that the police could not cross state lines, Morris told Jordan to head for Missouri. Shortly after they entered Missouri, the chase ended when Jordan lost control and rolled the Tahoe. None of the Tahoe's occupants (including Morris' daughter) was seriously injured, and officers were able to arrest Morris and Smith

2

with little trouble.  Jordan, on the other hand, ran and tried to carjack another vehicle before being apprehended.

Morris pleaded guilty to one count of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) & (d) and 2, and one count of using, carrying, brandishing, and discharging firearms during and in relation to a crime of violence, and possessing those firearms in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.  Her presentence report recommended increasing her offense level by 8 levels for relevant conduct (2 levels for Jordan's carjacking and another 6 levels for Smith's firing on police officers).  With these increases, the presentence report established a Guidelines range of 70 to 87 months for the bank robbery.  The firearm conviction carried a mandatory 120-month consecutive sentence.

Suggesting she was a minor participant in the crimes, particularly with regard to the relevant conduct, Morris requested an offense-level reduction under Sentencing Guideline § 3B1.2.  She also requested that the district court vary downward and order a sentence totaling 150 months (30 months for the bank robbery and 120 months for the firearm conviction).  The government opposed both requests and moved for an upward variance.  The district court denied the § 3B1.2 request and declined to vary either downward or upward.  It imposed a within-Guidelines sentence of 80 months for the bank robbery and 120 months for the firearms violation, for a total sentence of 200 months.

DISCUSSION

Morris raises two issues on appeal. First, she challenges the district court's denial of her § 3B1.2 request. Second, she challenges the substantive reasonableness of her sentence.

## I. Section 3B1.2 Adjustment

Sentencing Guideline § 3B1.2 establishes offense-level deductions for minimal and minor participants. Morris relies on § 3B1.2(b), which provides a two-level deduction for a minor participant. A "minor participant" is one "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." U.S. Sentencing Guidelines Manual § 3B1.2, cmt. n.5 (U.S. Sentencing Comm'n 2016).

Morris has the burden of proving minor-participant status by a preponderance of the evidence. *United States v. Adams*, 751 F.3d 1175, 1179 (10th Cir. 2014). A minor-participant determination is a factual finding reviewed for clear error. *Id.* "To constitute clear error, we must be convinced that the sentencing court's finding is simply not plausible or permissible in light of the entire record on appeal, remembering that we are not free to substitute our judgment for that of the district judge." *United States v. Garcia*, 635 F.3d 472, 478 (10th Cir. 2011) (internal quotation marks omitted).

While recognizing that Jordan and Smith did the robbing, Jordan was the getaway driver, and Smith did the shooting, the district court found that Morris had provided the Tahoe, had driven Jordan and Smith to the bank, and then had cased the

4

bank. The district court therefore denied the § 3B1.2(b) reduction because she had "engaged in both the planning and provided the car that allowed for the robbery itself." R., Vol. 2 at 63.

Morris asserts that the district court improperly relied on her "essential role" in the robbery, Aplt. Br. at 9, and it ignored her lower culpability in the relevant conduct. We disagree. The district court explicitly noted what she did not do, but it then determined that what she did do exceeded minor participation. On this record, we cannot conclude that the district court's findings were implausible or impermissible.

"[A] defendant is not entitled to a minor-participant reduction merely because [s]he is the least culpable among several participants in a jointly undertaken criminal enterprise." *Adams*, 751 F.3d at 1179 (internal quotation marks omitted). In *Adams*, this court identified several cases in which defendants with roles similar to Morris's were denied minor-participant reductions. *See id.* at 1179-80. Morris's arguments how various factors would support a minor-participant reduction essentially seek to have this court re-weigh the evidence, which we do not do on clear-error review. *See United States v. Gilgert*, 314 F.3d 506, 515-16 (10th Cir. 2002).

## II.     Reasonableness of Sentence

Morris next argues that her sentence is unreasonable in light of the sentencing factors set forth in 18 U.S.C. § 3553(a) and that the district court should have granted the downward variance. These arguments invoke substantive reasonableness analysis. *See United States v. Smart*, 518 F.3d 800, 804 (10th Cir. 2008) ("A

5

challenge to the sufficiency of the § 3553(a) justifications relied on by the district court implicates the substantive reasonableness of the resulting sentence.").

"We review sentences for reasonableness under a deferential abuse-of-discretion standard." *Adams*, 751 F.3d at 1181 (brackets and internal quotation marks omitted). "A sentencing decision is substantively unreasonable if it exceeds the bounds of permissible choice, given the facts and the applicable law. Further, we presume a sentence is reasonable if it is within the properly calculated guideline range." *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013) (brackets, citation, and internal quotation marks omitted). "[G]iven the district court's institutional advantage over our ability to determine whether the facts of an individual case justify a variance . . . , we generally defer to its decision to grant, or not grant, a variance based upon its balancing of the § 3553(a) factors." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008).

Morris argues that the district court gave too much weight to those factors concerning the nature of the offense and too little weight to mitigating factors such as her complete lack of criminal history. But we do not consider the § 3553(a) factors de novo. *See Smart*, 518 F.3d at 808 ("[W]e must . . . defer not only to a district court's factual findings but also to its determinations of the weight to be afforded to such findings."). "[A]s long as the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance." *United States v. Sells*, 541 F.3d 1227, 1239 (10th Cir. 2008). And

6

although Morris disagrees with the district court's balancing, she has failed to show that the balance the court struck was arbitrary, capricious, or manifestly unreasonable.

## CONCLUSION

The district court's judgment is affirmed.

Entered for the Court


Gregory A. Phillips
Circuit Judge