**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHRISTOPHER ULIBARRI,

    Defendant - Appellant.

No. 17-2179
(D.C. No. 1:16-CR-00841-MV-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **McHUGH**, Circuit Judges.[**]
_____

I. **BACKGROUND**

The district court revoked Christopher Ulibarri's supervised release because it found, after an evidentiary revocation hearing, that he had committed a domestic violence crime. For the supervised release violation, it sentenced him to 24 months in prison, the maximum term under 18 U.S.C. § 3583(e)(3). The court also placed him on supervised release for an additional 10 months after his release, and included a special condition regarding his mental health medications.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On appeal, Mr. Ulibarri challenged the sentence as substantively unreasonable. He also challenged the special condition, arguing it was "vague, overbroad, more restrictive than necessary, and not medically appropriate," Aplt. Br. at 20, and "made no provision for Mr. Ulibarri to get assistance in paying for the medication if he is unable to pay for it," *id*. at 15. After the appeal was filed and briefed, the following sequence took place:

**April 5, 2018** - In reference to the special condition, we ordered the parties to "show cause in writing why this case should not be remanded for the district court to consider discrepancies between oral statements made at sentencing and the written judgment." Doc. 10548855 at 1.

**April 18, 2018** - In their joint response, the parties agreed that a remand to the district court would be appropriate for that court to conform its written judgment to the oral statements made by the district court at sentencing. Doc. 10552237 at 1-2.

**April 19, 2018** - We "direct[ed] a limited remand for the district court to take any action it deems necessary to resolve the discrepancies between its written judgment and the oral statements made at sentencing." Doc. 10552477 at 1. We also abated the appeal. *Id*.

**May 21, 2018** - The parties submitted a joint status report stating that the district court had entered an amended judgment. Doc. 10560507 at 1. The amended judgment contained a revised special condition of supervised release that addressed Mr. Ulibarri's mental health medications. *Id*., attached.

**May 22, 2018** - We lifted the abatement and ordered the parties to identify the issue(s) on appeal that this court should decide. Doc. 10560737 at 1-2.

**May 31, 2018** - The parties filed a joint notice advising that "the only remaining issue in this appeal is whether or not Mr. Ulibarri's sentence is substantively unreasonable." Doc. 10563306 at 1.

As a result of the foregoing, the special supervised condition regarding mental health medications is no longer an issue on appeal. The only remaining issue is Mr.

2

Ulibarri's challenge to the substantive reasonableness of his prison sentence. Exercising

jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

## II. **SUBSTANTIVE REASONABLENESS OF THE SENTENCE**

The parties agree that the district court correctly calculated the Sentencing

Guidelines range for Mr. Ulibarri's violation of supervised release to be 24 to 30 months

and that, under 18 U.S.C. § 3583(e)(3), the maximum term of imprisonment upon

revocation was 24 months. The district court sentenced him to 24 months.

### A. *Substantive Reasonableness*

A substantive reasonableness sentencing challenge asks us to address "whether

the length of the sentence is reasonable given all the circumstances of the case in

light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Verdin–Garcia*,

516 F.3d 884, 895 (10th Cir. 2008) (quotations omitted); *see Gall v. United States,*

552 U.S. 38, 51 (2007). We "review the substantive reasonableness of a sentence for

abuse of discretion." *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013).

We find no abuse unless the sentence "is arbitrary, capricious, whimsical, or

manifestly unreasonable." *United States v. Munoz–Nava*, 524 F.3d 1137, 1146 (10th

Cir. 2008) (quotations omitted).

When, as here, a defendant is sentenced within a properly calculated United

States Sentencing Guidelines range, the sentence "is entitled to a rebuttable

presumption of reasonableness." *United States v. Kristl*, 437 F.3d 1050, 1054 (10th

Cir. 2006) (quotations omitted). "The sentencing judge is in a superior position to

find facts and judge their import under § 3553(a) in the individual case." *Gall*, 552

U.S. at 51 (quotations omitted). "The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *Id.* (quotations omitted).

### B. *The Parties' Arguments*

Both sides only briefly addressed the substantive reasonableness issue.

Mr. Ulibarri argues that his sentence was unreasonable because it is longer than his original sentence for a felon in possession offense under 18 U.S.C. § 922(g) and did not account for how his mental health condition contributed to his supervised release violation. He also contends the district court did not explain why the length of the sentence was necessary. Aplt. Br. at 24-25.

The Government argues that the district court considered the violent circumstances of his supervised release violation and the § 3553(a) factors. It contends we must defer to the relative weight that the district court gave to Mr. Ulibarri's mental health condition and his threat to the community. Aplee. Br. at 25-26.

In his reply brief, Mr. Ulibarri faults the district court for failing to explain its rationale for the 24-month sentence. Reply Br. at 12-13.

### C. *Analysis*

The district court sentenced Mr. Ulibarri to the low end of the Guidelines range. His sentence is therefore entitled to a presumption of reasonableness. *See Kristl*, 437 F.3d at 1054. At the sentencing phase of the revocation hearing, the district court said that it had "considered the factors set forth in 18 U.S.C. [§]

4

3553(a)(1)-(7)." ROA Vol. 2, at 62. Mr. Ulibarri's complaint that his revocation sentence was greater than the sentence for his underlying offense does not account for the undisputed Guidelines range of 24 to 30 months for the supervised release violation.

His criticism that the court gave insufficient weight to his mental health condition is unavailing. First, the court paid considerable attention to Mr. Ulibarri's mental health issues in fashioning the special supervised release conditions, *id.* at 63-65, and addressed them in its colloquy with him about the sentence, *id.* at 69. Second, on review for substantive reasonableness, this court does not second-guess "the weight a district court assigns to various § 3553(a) factors" or "its ultimate assessment of the balance between them." *United States v. Smart,* 518 F.3d 800, 808 (10th Cir. 2008); *see United States v. Lewis*, 625 F.3d 1224, 1233 (10th Cir. 2010).

Finally, Mr. Ulibarri's argument that the district court failed to explain the length of the sentence goes not to the substantive reasonableness of the sentence but instead to its procedural reasonableness, an argument he did not preserve in district court, *see Gall*, 552 U.S. at 51 (failing to explain a sentence is a procedural error); *United States v. Pena-Hermosillo*, 522 F.3d 1108, 1116 (10th Cir. 2008), and has waived because he does not argue for plain error on appeal; *United States v. DeRusse*, 859 F.3d 1232, 1236 n.1 (10th Cir. 2017) (failure to raise procedural reasonableness in district court or argue plain error on appeal waives the issue).

Mr. Ulibarri is unable to overcome the presumption that his sentence was substantively reasonable and, therefore, the district court did not abuse its discretion in imposing the 24-month sentence.

## III. CONCLUSION

We affirm Mr. Ulibarri's 24-month prison sentence for his violation of supervised release.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge