**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 28, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KURT A. URBANEK,

    Defendant - Appellant.

No. 21-3079
(D.C. No. 6:16-CR-10038-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

After pleading guilty for possessing a firearm while a felon, a violation of 18

U.S.C. §§ 922(g)(1) and 924(a)(2), Kurt Urbanek was sentenced in February 2017 to

36 months' imprisonment followed by three years supervised release.  In February

2021, the United States filed the instant petition to revoke Defendant's supervised

release.  After Defendant pled guilty to four of five alleged violations, the district

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court revoked Defendant's supervision and sentenced him to eighteen months'
incarceration with no term of supervision to follow. Defendant timely appealed.

Defendant's counsel submitted an *Anders* brief stating that this appeal presents
no non-frivolous grounds for reversal. After careful review of the record, we agree.
Exercising jurisdiction under 28 U.S.C. § 1291, we grant counsel's motion to
withdraw and dismiss this appeal.

## I.     BACKGROUND

This appeal follows Defendant's second revocation hearing on his 2017 guilty
plea. In 2017, Defendant was charged in a six-count indictment: five counts of
unlawful possession of a firearm, ROA, Vol. I at 13–15 (all violations of 18 U.S.C.
§§ 922(g)(1) and 924(a)(2)); and one count of unlawful possession of body armor,
ROA, Vol. I at 15 (violation of 18 U.S.C. §§ 931(a) and 16). Defendant pled guilty
to one count of being a felon in possession of a firearm, and the district court
sentenced him to thirty-six months' imprisonment followed by three years of
supervised release. While on supervised release, Defendant had his supervised
release first revoked in December 2019, and after a hearing, the district court
sentenced him to twelve months, followed by twenty-four months' supervised
release.

On April 14, 2021, the district court held a second revocation hearing after the
government filed another supervised release violation report. The government
alleged four violations: possession of a controlled substance, namely
methamphetamine; use of a controlled substance, namely methamphetamine; contact

2

with a person known to have engaged in criminal activity; and attempting to adulterate a urine sample. The government did not proceed with a fifth violation after a magistrate judge found the allegation lacked probable cause. Defendant admitted to the four violations, and the court accepted his admission. No other evidence was entered by either party.

The district court determined that Defendant's highest violation was in the category "B" and that he had a criminal history category of "IV." ROA, Vol. III at 45–46. During the revocation hearing, Defendant argued that he should remain incarcerated until he could enter a treatment program with the VA, where he had a bed secured for April 22, 2021. He also argued that the court could require Defendant to attend an inpatient program or delay proceedings on the revocation until after he completed a treatment program. The government argued that Defendant's prior revocation and use of a urine adulteration device showed his dishonesty. The district court ultimately concluded that Defendant was "not really working in good faith" with the probation office nor was he "amenable to supervision." ROA, Vol. III at 57–60.

Defendant notified his attorney that he wished to appeal both the revocation of his supervised release and the eighteen-month sentence, and his counsel timely filed a notice of appeal. Counsel then submitted an opening brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), authorizing counsel "to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930

(10th Cir. 2005). *Anders* entitles a defendant to file a response to counsel, raising additional points for appeal. *Anders*, 386 U.S. at 744. Neither Defendant nor the government filed a response.

## II.   DISCUSSION

*Anders* provides that:

> [I]f counsel finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . . [T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . .

386 U.S. at 744. When counsel submits an *Anders* brief, we review the record de novo. *See United States v. Leon*, 476 F.3d 829, 832 (10th Cir. 2007) (per curiam). Based on our de novo review of the record, we conclude that none of the issues addressed in the *Anders* brief have merit, nor have we detected any other non-frivolous issue.

### A. Defendant has no non-frivolous argument challenging the district court's revocation of his supervised release.

We review a district court's revocation of supervised release for abuse of discretion. *United States v. Metzener*, 584 F.3d 928, 932 (10th Cir. 2009) (citation omitted). If a district court finds "by a preponderance of the evidence that [a] defendant violated a condition of supervised release," it may revoke the defendant's

4

supervised release. 18 U.S.C. § 3583(e)(3). The requirements for a revocation

hearing are set forth in Federal Rule of Criminal Procedure 32.1.

Rule 32.1(b)(2) sets out five requirements for a revocation hearing. First, the

defendant must have written notice of the alleged violation. Fed. R. Crim. P.

32.1(b)(2)(A). Here, the district court informed Defendant that "a report of

violations of your conditions of supervised release" had been filed and ensured that

Defendant had seen the report. ROA, Vol. III at 43. Next, Defendant was entitled to

the "disclosure of evidence" against him and an opportunity to present his own

evidence and question any adverse witnesses. Fed. R. Crim. P. 32.1(b)(2)(B)–(C).

Here, Defendant admitted to the violations, and no evidence was submitted to the

district court. Third, Defendant had a right to be represented by counsel, which he

was. Fed. R. Crim. P. 32.1(b)(2)(D). Finally, Defendant was given ample

"opportunity to make a statement and present any information in mitigation." Fed. R.

Crim. P. 32.1(b)(2)(E); *see* ROA, Vol. III at 55–59, 62–73.

Both the defendant's admission to the violations and the district court's

following of proper procedure in the revocation hearing lead this court to conclude

that the district court did not abuse its discretion in revoking Defendant's supervised

release.

**B. Defendant has no non-frivolous argument challenging the district court's eighteen-month sentence.**

This court reviews a revocation sentence for clear error regarding its factual

findings and de novo on its legal conclusions. *United States v. Handley*, 678 F.3d

1185, 1188 (10th Cir. 2012). If a sentence is both "reasoned and reasonable," this court will not disturb it. *Id*. (citations omitted). A "reasoned sentenced" is one that is procedurally reasonable, while a "reasonable sentence" is one that is substantively reasonable. *United States v. McBride*, 633 F.3d 1229, 1232 (10th Cir. 2011). Defendant's sentence is both procedurally and substantively reasonable.

First, a procedurally unreasonable sentence is one where the district court fails to correctly calculate the Guidelines sentence, treats the Guidelines sentence as if it is mandatory, relies on clearly erroneous facts, or fails to adequately explain the sentence. *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). The district court properly classified Defendant's Guidelines range, highest violation grade, and criminal history. ROA, Vol. III at 45–46. While the government did not pursue one of the five initial violations, that decision had no impact on the district court's calculations. The district court recognized that there was a sentencing range he could consider. *Id*. When the district court imposed its sentence, it explained its reasons for doing so. ROA, Vol. III at 71–72. Thus, the imposition of the eighteen-month sentence was procedurally reasonable.

Next, a sentence is substantively unreasonable when it "exceeds the bounds of permissible choice, given the facts and the applicable law." *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013) (quotation omitted). Here, the eighteen-month sentence was within the Guidelines range. ROA, Vol. III at 46 ("the law would authorize me to revoke [Defendant]'s term of supervision and sentence him to a term of incarceration of up to two years"). The district court gave adequate explanation

for the imposed sentence, relying on the applicable facts. *Id.* at 71–73 (explaining that he doubted Defendant was "committed enough to comply over a long haul;" recognizing that the Defendant has "been back here several times;" and that "based on the factors that I'm required to consider and certainly have considered at length, . . . this is an appropriate sentence"). The district court's imposition of an eighteen-month sentence did not exceed the bounds of permissible choice, and thus is substantively reasonable.

### III.    CONCLUSION

Our independent review of the record reveals that Defendant has no non-frivolous grounds for reversal based on either issue raised in counsel's *Anders* brief or any other potential issues this record would support. We therefore grant counsel's motion to withdraw and dismiss this appeal.

Entered for the Court


Mary Beck Briscoe
Circuit Judge
