**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JACOBY COLEMAN,

    Defendant - Appellant.

Nos. 24-6253 & 24-6258
(D.C. Nos. 5:10-CR-00058-F-1 &
5:23-CR-00390-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.
_____

Defendant Jacoby Coleman appeals two judgments of the United States

District Court for the Western District of Oklahoma: (1) a judgment revoking a prior

supervised release (Appeal No. 24-6253) and (2) a judgment of conviction following

a guilty plea to one count of being a felon in possession of ammunition (Appeal No.

24-6258). He was sentenced to 15 years' incarceration and a five-year term of

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

supervised release on the firearm conviction, and a consecutive 18-month sentence on the revocation judgment.

Defense counsel filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967) (stating that if after "conscientious examination" of the record, counsel finds the appeal "wholly frivolous," then counsel may move to withdraw and contemporaneously file a "brief referring to anything in the record that might arguably support the appeal"). Despite proper notice from this court, Defendant did not file a response to the *Anders* brief; and the government declined to file a brief. We have reviewed the *Anders* brief and the record to determine whether Defendant's appeals are wholly frivolous. *See United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Exercising jurisdiction under 28 U.S.C. § 1291, we conclude that they are, so we dismiss the appeals and grant defense counsel's motion to withdraw. *See Anders*, 386 U.S. at 744.

## I.     BACKGROUND

In January 2024 Defendant pleaded guilty to a superseding indictment charging him under 18 U.S.C. § 922(g) with one count of being in possession of ammunition after being convicted of seven felonies, including six counts of possession with intent to distribute cocaine under 21 U.S.C. § 841(a). Because Defendant was on supervised release at the time of the offense, he also faced revocation proceedings.

During sentencing, the government sought, over Defendant's objection, an enhanced penalty under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e),

for the felon-in-possession charge. The probation office concluded that Defendant qualified for the enhanced sentence and calculated the advisory guideline range at 15 years' incarceration—the statutory minimum—and two to five years of supervised release. It also calculated the guideline range in the revocation proceeding at 18 to 24 months' incarceration and up to life for supervised release. Defendant requested that the felon-in-possession sentence run concurrently with his revocation sentence. But the district court imposed consecutive sentences.

## II.    ANALYSIS

*Anders* requires this court to "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *Calderon*, 428 F.3d at 930 (citing *Anders*, 386 U.S. at 744). If the claims are frivolous, we may grant counsel's motion to withdraw and dismiss the appeal. *See id.* The *Anders* brief addressed whether there are any nonfrivolous arguments to challenge (1) the application of the ACCA or (2) the substantive reasonableness of Defendant's sentences, including their being consecutive. After a careful review of the record, we agree that no nonfrivolous arguments could be made.

To begin with, we see no error in the plea proceeding. Before accepting a plea the district court must advise the defendant of certain rights and risks, ensure that the plea is voluntary, and determine the factual basis for a plea. *See* Fed. R. Crim. P. 11(b). That occurred here. We see nothing in the record to indicate an error in accepting Defendant's guilty plea.

Nor was there any procedural error in sentencing. There was no error in calculating the guideline range for Defendant's firearm conviction, considering the statutorily required factors, finding the facts, or explaining the sentence. *See United States v. Sanchez-Leon*, 764 F.3d 1248, 1261 (10th Cir. 2014). In particular, there was no error in applying the ACCA. The ACCA provides a sentencing enhancement if a defendant is convicted under Section 922(g) and "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The district court applied the ACCA enhancement only after Defendant acknowledged that his six prior drug convictions specified in the superseding indictment "occurred on separate occasions." R. 24-6258, Vol. 3 at 23. Those prior convictions under 21 U.S.C. § 841(a) for possession with intent to distribute cocaine base are serious drug offenses under the ACCA, so the court correctly applied the enhancement. *See* 18 U.S.C. § 924(e)(2)(A)(i) (A "'serious drug offense'" includes "an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.)."). We need not consider whether other convictions could sustain the enhancement because the district court did not rely on other convictions.

Because the minimum sentence under the ACCA exceeded the guideline range that otherwise would have applied, the 15-year statutory minimum became Defendant's guideline sentence for the firearm conviction. *See* USSG § 5G1.1(b). And neither the *Anders* brief nor our review of the record suggests any error in the

calculation of the guidelines range for the term of supervised release or the revocation sentence.

Finally, we review the substantive reasonableness of Defendant's sentence. *See United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013). "In considering whether a defendant's sentence is substantively reasonable, we examine whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* (internal quotation marks omitted). We apply the same test to review "a district court's determination of whether to impose a consecutive or concurrent sentence." *Id.* at 1232. And we consider a sentence within the guidelines to be presumptively reasonable. *See id.* at 1233.

The sentences were applied after consideration of the relevant circumstances of the case, and the district court explicitly considered all the § 3553 factors. For the felon-in-possession charge, the district court sentenced Defendant to a 180-month period of incarceration, which was the statutory minimum, and a five-year term of supervised release, which was within the guidelines range. It then sentenced Defendant on the revocation charge to 18 months of custody to be run consecutively to the sentence for the felon-in-possession conviction. This too was within the guidelines. *See* USSG § 7B1.3(f). The *Anders* brief does not assert, nor do we see, anything to rebut the presumptive reasonableness of these sentences.

The *Anders* brief also says that we may review the district court's comments regarding programming, which could be construed as impermissibly "'lengthen[ing] a prison sentence to enable an offender to complete a treatment program.'" Aplt. Br.

5

at 21 (quoting *Tapia v. United States*, 564 U.S. 319, 335 (2011)). The district court did "take into account the possible need to provide correctional treatment," but it did so with the appropriate caveat that it could do so only "as a potential mitigating circumstance" or as a factual acknowledgment that some programming could reduce Defendant's overall sentence. R. 24-6258, Vol. 3 at 37.

### III.   CONCLUSION

We **GRANT** counsel's motion to withdraw and **DISMISS** Defendant's appeals.

Entered for the Court

Harris L Hartz
Circuit Judge